# HENRY H. SWAIM

## v.

# JOHN F. HUMPHREYS ET AL.

VENDOR AND VENDEE—FRAUDULENT REPRESENTATIONS.—In order that a vendor may avoid a contract of sale on account of false and fraudulent representations as to commercial standing made by the vendee, it is necessary to prove not only that the representations made by the vendee were false, but that they were coupled with a dishonest intent. As the evidence in this case fails to show that the vendees induced the vendors to enter into the contract by fraud, the title to the goods passed by the sale, and the sheriff who had levied upon such goods, under a judgment and execution in favor of one of the vendees' creditors, was entitled to the possession of the same.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed November 21, 1884.

Mr. WM. E. HUGHES, for appellant; that the statements made by Arnspiger to appellees, at the time of the purchase, were not shown to be false and fraudulent, and therefore appellees have no right to disaffirm that sale, cited Nichols v. Penner, 18 N. Y. 295; Conyers v. Ennis, 2 Mason, 237; Powers v. Bradley, 9 G. & J. (Md.) 220; Greaver v. Mullen, 15 Pa. 206; Patton v. Campbell, 70 Ill. 72; Henshaw v. Bryant, 4 Scam. 97.

Mr. A. E. DeMANGE, and Mr. B. D. LUCAS, for appellees; that no title passes to goods purchased by false representations, and the vendor is entitled to recover them back from all persons except innocent purchasers for value, cited Am. M. U. Ex. Co. v. Willsie, 79 Ill. 92; Benjamin on Sales, § 433.

HIGBEE, P. J.   This was a suit in replevin brought by appellees against appellant, who was sheriff of McLean county, to recover the possession of a stock of groceries.   The sheriff pleaded that the goods were the property of Arnspiger &

Lovell, and justified his possession under a judgment and execution against them in favor of one N. N. Winslow, to which appellees replied, property in themselves. This issue was submitted to a jury and found against appellant; a motion for a new trial overruled and judgment rendered upon the verdict, from which the defendant below appeals to this court and assigns several errors, the only one of which we deem it necessary to notice is that the court erred in overruling appellant's motion for a new trial, because the verdict was not supported by the evidence.

Under the issues the burden of proof was upon appellees to show that they were the owners of the property at the time they commenced their suit. It is admitted that appellees, who were wholesale grocers in the city of Bloomington, were the owners of the goods in controversy on November 1, 1883, when they sold and delivered them to Arnspiger & Lovell, retail grocers in the same city, who put them in their stock and offered them for sale, retaining the possession of those not sold until December 26th of the same year, when they were taken by the sheriff on the execution. The sale was on credit, and Arnspiger & Lovell gave their notes for $540, the price of the goods, and a mortgage on their entire stock to secure the same. The mortgage turned out to be invalid and of no binding effect, and after the goods were taken in execution appellees declared the sale void, on account of false and fraudulent representations alleged to have been made at the time by Arnspiger & Lovell, touching their commercial standing and ability to pay for the goods bought by them, and this brings us to the consideration of the main question presented by the record; were the goods obtained from appellees by Arnspiger & Lovell by fraud? If so, the right to reclaim them, even as against a creditor whose debt existed before the fraudulent sale, can not be questioned. A. M. U. Ex. Co. v. Willsie, 79 Ill. 92. To have this effect, however, it is not enough that the representation made by the purchaser was false, but it must have been coupled with a dishonest intent. Therefore, however false may have been the representation of appellant to appellees, pending the negotiations, it is no

ground for avoiding the contract, as having been *obtained* by *fraud*, if the party making the representation, honestly and on reasonable grounds, believed it to be true. Benjamin on Sales, Sec. 638. The only proof in the record showing what representations were made at the time of the sale by appellees is to be found in the evidence of Mr. Humphreys, who says he had had business transactions with Arnspiger & Lovell for two or three years; that his firm sold them, since the spring of 1883, from one to two hundred dollars' worth of goods each month, and they paid for them monthly; that about the 1st of November they wanted four or five hundred dollars' worth, and he asked Arnspiger, who applied for them, how they stood, to which he answered that their stock was all or nearly all paid for, except what they owed us; that there were some few bills outside, but they did not amount to much; that their principal indebtedness was to our firm; that he relied upon these statements and was thereby induced to sell the goods; that he did not inquire about the individual indebtedness of the members of the firm. The indebtedness of the firm to appellees was then two hundred dollars. The evidence wholly fails to show that these representations were false and fraudulent when made. It is not clear from the evidence before us that either Arnspiger, or the firm of Arnspiger & Lovell, was indebted to any one except appellees at the time of the sale. It does appear that Lovell was indebted to Winslow in the sum of $500, and had been for several years, but there is no pretense that either Arnspiger or the firm was liable for this debt, or that Arnspiger even knew of its existence when he made the purchase.

The evidence also shows that Lovell, in the spring of 1883, had borrowed from "The People's Bank" $200, giving a note, with Winslow as security therefor, and that this money was used in the business of the firm, but it does not appear that the money was loaned by the bank on the credit of either Arnspiger or the firm. These are the only debts relied upon to show that the representations made were false and fraudulent. Admit that the $200 was the debt of the firm, it was not so clearly in conflict with the representations of Arnspiger

as to justify appellees in rescinding the contract and repossessing themselves of the goods sold. The idea that Arnspiger was practicing a fraud on appellees is also rebutted by the fact that at the time of the purchase a chattel mortgage was given by the purchasers on their whole stock, worth from $600 to $700, to secure the $540. And notwithstanding the fact that the mortgage turned out to be invalid, this fact was unknown to the parties at the time. On the contrary, both parties then thought the mortgage valid, and that the payment of the debt was thereby secured. This evidence fails to show that the purchasers induced the sellers to enter into the contract by fraud, and hence the title to the goods passed by the sale.

Judgment reversed and cause remanded.