# HUMPHREYS, NEWTON &.COMPANY
## v.
# HENRY S. SWAIN.

*Execution Issued before Entry of Judgment, Void—Admissibility of Evidence to Show Such Issue.*

1. An execution issued before the entry of the judgment is void, and a subsequent entry will not validate it.

2. Parol evidence is admissible to show that the execution was issued and in the hands of an officer before the entry of the judgment.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Statement of the case by WALL, J.    This was replevin brought by appellants against appellee.    The case was tried once before and appealed to this court, and judgment reversed. 15 Ill. App. 451.

Arnspiger and Lovell were the owners of the property in controversy, which consisted of a stock of groceries.    They bought goods of appellants, who were wholesale merchants, and gave them a chattel mortgage on the property in controversy and the fixtures in the same store to secure the purchase money. After the mortgage was properly acknowledged and recorded J. S. Arnspiger and S. R. Lovell gave two joint and several judgment notes to N. N. Winslow for Lovell's private debt as alleged, one for $500 and one for $200.    Shortly afterward, on the 26th of December, 1883, in vacation, Winslow, by his attorney, filed in the office of the circuit clerk a declaration and cognovit on such notes.    The clerk marked them filed at once, issued an execution, handed it to Mr. Hughes, plaintiffs' attorney, who at once handed it to the Sheriff, and levy was made immediately.    After that the clerk wrote up the judgment.    When the levy was made appellants brought this suit in replevin to recover the property.

To the declaration appellee filed a number of pleas; the 5th was property in defendant, 7th, justification as Sheriff. To the 7th plea appellants filed several replications : 1st, denying the rendition of the judgment justified under; 2d, that the judgment was rendered on two promissory notes executed by S. R. Lovell to Winslow for Lovell's private debt, and signed by Arnspiger in his individual capacity as surety for Lovell; that the firm of Arnspiger and Lovell, as a firm, were indebted to the plaintiffs (appellants), and gave the chattel mortgage on said property, which was partnership property, to secure such partnership debt.

To the last replication appellee rejoined that the Winslow judgment was rendered for the partnership debt of Arnspiger and Lovell. To the other rejoinders the court sustained demurrers. So the issues were, 1st, on the plea of *non cepit* and *non detinet*, to which similiters were filed; 2d, that there was no such judgment in favor of N. N. Winslow, as he had described; 3rd, that the supposed judgment in favor of N. N. Winslow was for Lovell's private debt.

The case was submitted to the court without a jury, the evidence heard, and judgment rendered in favor of appellee, from which this appeal was prosecuted.

Messrs. A. E. DeMange and Benjamin D. Lucas, for appellants.

That the court erred in excluding all the evidence of the issue of the execution before the entry of the judgment, is settled beyond controversy. Ling v. King, 91 Ill. 571 ; Cummins v. Holmes, 109 Ill. 15 ; Baker v. Barber, 16 Ill. App. 621.

The strictest application of the rule that records import verity, would not exclude the testimony offered. The record can import nothing that does not appear from the record itself, and it does not appear from this record whether it was written up before or after the execution was delivered to the Sheriff.

Mr. William E. Hughes, for appellee.

Parol evidence that a recital in the record is not true is inadmissible. Sherman v. Smith, 20 Ill. 350.

The date of the judgment can not be contradicted by parol evidence. Wiley v. Southerland, 41 Ill. 25.

All questions relating to the time when it was in fact made must be settled by the record alone, and parol evidence is not admissible to impeach it. Herrington v. McCollum, 73 Ill. 476.

In the case of Cummins v. Holmes, 109 Ill. 15, relied on by appellants, there was no record of the judgment at all. An execution was issued without any judgment to support it, and of course the levy failed. An execution without a judgment, whether issued on a confession in term time or out of term, would be void.

The Baker case, 16 Ill. App. 621, is not supported by the decisions of the Supreme Court.

WALL, J. The Circuit Court declined to consider the testimony offered by appellants tending to show that the execution was issued by the clerk before the judgment was actually entered up. It is contended by appellee that such proof is not competent because its effect is to impeach a record which imports verity. It is conceded that an execution issued before the entry of judgment is void, may be questioned collaterally, and a subsequent entry will not validate it. Ling v. King, 91 Ill. 571; Cummins v. Holmes, 109 Ill. 15.

It was expressly held in Baker v. Barber, 16 Ill. App. 621, that parol evidence may be heard to prove that the execution was issued and in the hands of the Sheriff before the judgment was in fact written up, although upon the same day, and that this does not contradict the record. We are disposed to adhere to this ruling.

The judgment of the Circuit Court will therefore be reversed and the cause remanded.

*Reversed and remanded.*