HENRY H. SWAIM

V.

JOHN F. HUMPHREYS ET AL.

*Executions—Practice—Attorney and Client—Mortgages.*

1. An execution upon a judgment confessed in vacation, issued before there was a judgment of record to support it, is void.

2. This court will not pass upon a question considered by it at a previous trial of the same case.

3. An attorney will not be compelled or allowed, against the objection

of his client, to disclose anything communicated by his client to him in his professional capacity.

4. This privilege does not extend to matters of fact which the attorney knows by other means than confidential communications with his client, even though if he had not been employed as attorney, he would not be likely to have known them.

5. An attorney may testify that before a judgment in behalf of his client had been entered of record by the clerk, an execution was issued and delivered to the witness, who placed it in the hands of the sheriff.

6. A chattel mortgage on a stock of goods, providing that such goods may be sold in regular course of business, is not valid as against the rights and interests of third persons, but as between the parties it is good.

[Opinion filed November 25, 1891.]

In error to the Circuit Court of McLean County; the Hon. Owen T. Reeves, Judge, presiding.

Mr. Thomas F. Tipton, for plaintiff in error.

Messrs. Kerrick, Lucas & Spencer, for defendants in error.

Boggs, J. This case has been twice before in this court. Swaim v. Humphreys, 15 Ill. App. 451; Humphreys v. Swaim, 21 Ill. App. 231.

Plaintiff in error, then sheriff of McLean County, received an execution issued by the circuit clerk of that county upon a judgment confessed in vacation by J. S. Arnspeiger and S. R. Lovell, in favor of N. N. Winslow, and by virtue thereof levied upon certain groceries and provisions belonging to the defendants in the execution, being part of their stock in trade, they being retail grocers in Bloomington. Defendants in error, who were wholesale grocers in Bloomington, had sold and delivered to Arnspeiger & Lovell the goods levied upon, and to secure the amount due them therefor, had received a chattel mortgage upon the stock of groceries, etc., and they instituted this suit in replevin against the sheriff to recover possession of the goods.

The chattel mortgage permitted the mortgagors to retain possession of the mortgaged property and to sell same in regular course of trade, and being for that reason regarded as

void, defendants in error sought in the first trial in the Circuit Court to recover the goods on the ground that they had been induced to sell and deliver them to Arnspeiger & Lovell by false and fraudulent representations on the part of that firm as to their financial condition and commercial standing, and upon that theory they succeeded upon the hearing.

Plaintiff in error brought the case to this court, and it was held (15 Ill. App. 451) that the evidence did not support the findings of the Circuit Court on this issue of fraud, and the judgment was reversed and cause remanded.

Upon the hearing of the case the second time in the Circuit Court, defendants in error claimed that the execution by virtue of which the sheriff held the property, was issued before the judgment upon which it was based had been entered of record, and in support of such claim offered oral testimony, which, upon the objection of the defendant in error, was rejected by the court, and the second trial resulted adversely to the defendants in error, from which they prosecuted an appeal to this court. Upon consideration of the question thus presented it was held by this court, first, that an execution upon a judgment confessed in vacation is void if issued before the judgment is actually entered of record; second, that oral evidence is admissible to prove that an execution was issued and was in fact in the hands of the sheriff before the judgment was written up. The Circuit Court having erroneously refused to permit such oral evidence to be heard, its judgment was reversed and the cause again remanded. Humphreys v. Swaim, 21 Ill. App. 232.

The cause has again been heard in the Circuit Court, the result being a judgment in favor of defendants in error, to reverse which the writ of error now before us is prosecuted.

The material questions arising upon the present record are, first, was William E. Hughes properly required to testify as to whether the judgment had been entered of record when the execution was issued? Second, could defendants in error, if their mortgage was void as to execution creditors, have judgment for the recovery of the property?

Counsel for plaintiff in error also insist that oral testimony

is not competent to be received to show that the judgment had not been written of record, when the execution issued, but as this court in this same case (21 Ill. App. 232) has expressly held that such evidence is admissible we must decline to again consider, but will adhere to the rule there announced.

William E. Hughes was introduced in the Circuit Court as a witness for defendants in error. He testified that he was an attorney for the plaintiff in error, and was also attorney for Winslow, the execution creditor. That as such attorney for Winslow he prepared the declaration and cognovit upon which the judgment in question was rendered, and presented them to the clerk, and performed such other duties as were professionally required to entitle his client to a judgment in vacation. As such attorney he requested that execution be issued on the judgment, which was done by the clerk, and the same handed by the clerk to him. After these facts were elicited, the witness was asked if the clerk had written up the judgment before the execution was issued. To this the plaintiff in error objected, on the ground that it was by reason of his professional relation to Winslow that the witness had obtained whatever knowledge he might have of the matter desired to be inquired into, and that it was therefore privileged from disclosure by him. This objection was overruled, and the witness required to answer.

The testimony of the witness established the fact to be, that before the judgment had been entered of record by the clerk, the execution was issued and delivered to the witness, who immediately placed it in the hands of the sheriff.

The rule is well settled that an attorney will not be compelled, or even allowed, against the objection of the client, to disclose anything communicated by his client to him in his professional capacity, and the reason on which the rule rests is that it is in the interest of justice that the most full, free and complete communication should take place between attorney and client. It is not, however, in the interest of justice to extend this privilege so that by its operation the truth in relation to facts otherwise in the knowledge of an attorney be suppressed. When desiring to define its breadth and limits,

Mr. Greenleaf says: " The great object of the rule seems to plainly require that the *entire professional intercourse between client and attorney*, whatever it may have consisted in, should be protected by profound secrecy." 1 Greenleaf on Ev., Sec. 240.

"The privilege," it is said in Best on Evidence, Sec. 281, " does not extend to matters of fact which the attorney knows by other means than confidential communications with his client, even though, if he had not been employed as attorney, he probably would not have known them." In effect the same is held in C. F. R. & B. Co. v. Jamison, 48 Ill. 283; Crosby v. Berger, 4 Edwards' Chan. 254; Denbrough v. Rawlins, 3 Mylne & K. 505; 1 Greenleaf on Ev., Sec. 244.

The fact which Mr. Hughes was called upon to disclose did not arise from, and had no connection with, the professional intercourse between himself and his client; it was not in its nature or character, either private or confidential; it was not an act done by the client or by his agent or servant or any one acting in his behalf.

The witness, in the discharge of professional duty, had indeed been called to the office of the clerk of the Circuit Court. He placed papers in the hands of the clerk which required of the clerk the performance of an official duty, in the discharge whereof he sustained no confidential relation whatever to the witness of his client. It became important to know what official act the clerk there performed, and of this the witness had knowledge; such knowledge was not obtained by the witness in anywise from the client, nor from professional intercourse with him. The privilege of secrecy does not extend and cover information and knowledge thus obtained, and the Circuit Court ruled correctly in requiring the witness to answer.

It is clear that the execution issued before there was a judgment of record to support it. The execution was therefore void, and the possession of the goods by the sheriff under it unauthorized. 21 Ill. App., *supra*.

The chattel mortgage, upon which must rest the right of defendant in error to possession of the goods in question, was

not valid as against the rights and interests of third persons. As between the parties to it the mortgage was good and effectual, and if the sheriff had no legal writ wherewith to seize the property, it must be surrendered by him to the owners, or to the defendants in error, if they have superior right as between themselves and the owners. The judgment must be affirmed.

*Judgment affirmed.*