JESSE LING *et al.*

*v.*

HENRY W. KING & CO.

91   571
22a  641
23a  170

91   571
33a   20

91   571
155  490

91   571
56a   70

91   571
69a  140

91   571
178  185

91    571
98a  2635

91    571
115a  3171

1. CONFESSION OF JUDGMENT *in vacation—must be an entry of judgment.* The clerk of the circuit court is authorized to enter judgment by confession in vacation for a *bona fide* debt. The filing of the necessary papers authorizing such entry is not of itself sufficient, but the judgment must, in fact, be entered by the clerk before an execution can be legally issued, and an execution issued without such entry is void, and may be attacked collaterally.

2. Where the clerk states, in a judgment by confession in vacation, that it is considered that the plaintiff have and recover, etc., it is not his consideration, but it is the conclusion of the law. In term time it is announced through the judge, and in vacation through the defendant or his attorney in fact, and it is no more the finding of the clerk in the one case than the other. In both he but records the conclusion of the law.

3. COSTS—*discretionary, in chancery.* The statute provides for the recovery of costs by the defendant where the complainant dismisses his bill, and that in all other cases not otherwise directed by law, it shall be in the discretion of the court to award costs or not. This statute invests the circuit court with a discretion that this court has no power to review.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. S. B. RADEBAUGH, and Messrs. A. M. & H. W. AYERS, for the appellants.

Messrs. SOMERS & WRIGHT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the 8th day of September, 1876, appellant Ling filed in the office of the clerk of the circuit court a declaration, a promissory note, and a warrant of attorney to confess a judgment against Stewart & Benford; also, proof of the execution of the warrant of attorney and a *cognovit*, all of which were spread at large on the records by the clerk. This was all done in vacation, and out of term time. The clerk entered no judgment or order of any description, but thereupon issued an execution against Stewart & Benford for the sum named in the *cognovit*, directed to the sheriff, and it was delivered to the sheriff to execute, who thereupon levied it on a stock of goods, as the property of Stewart & Benford, and took them into possession, and advertised them for sale, to satisfy the execution. There were executions issued by justices of the peace, on judgments against Stewart & Benford, amounting to about $500, in the hands of constables, which were also levied on the same stock of goods. Appellees, at the September term, 1876, of the circuit court, recovered a judgment against Stewart & Benford for the sum of $1557.60, and costs. They caused an execution to issue thereon, and placed the same in the hands of the sheriff for collection.

Upon bill in chancery exhibited by the appellees, setting up the foregoing facts, it is further alleged, that the sheriff threatens to sell on the execution in favor of appellant, and apply the proceeds of such sale to its satisfaction, and to the exclusion of appellees' execution; that the property levied on is insufficient to satisfy all of these executions, and if the proceeds of such sale shall be applied as the sheriff threatens to do, appellees will not receive any portion of the funds thus

realized, and that, owing to the insolvency of Stewart & Benford, appellees will lose their debt.

These facts were admitted by filing a demurrer to the bill, and on a hearing the court below overruled the demurrer, and, defendants failing to answer, the court decreed the relief prayed by the bill, and defendants appeal, and ask a reversal.

It is claimed that merely spreading the declaration, note, warrant of attorney and plea of confession on the records of the court, constitutes a judgment, and the execution was regularly issued on the record thus made; that the clerk's duties are only ministerial, and that he can perform no judicial function, and any judgment formally entered is the consideration of the law, and that can only be exercised by a person authorized to act judicially. If this position be true, then the General Assembly was powerless to authorize the confession of a judgment at all in vacation. If the entry of a judgment order is a judicial function, none but a judge could exercise it, and only in term time. A judge has no power, as an individual, to make orders, decrees and judgments, but that can be done only when he is acting as a court. The clerk, in all cases and in all of his official acts, whether in term time or in vacation, performs them as a ministerial officer. He so acts in entering up a judgment in term time, under the direction of the judge, who considers and decides. In entering a judgment in vacation, the clerk acts under the direction of the defendant and the statute. The law requires him, in term time, to enter judgments and orders under the direction of the judge; and the statute imposes it as a duty to enter a judgment by confession in vacation, when the requisite papers are filed, and the defendant, by plea of confession, by himself in person or by an attorney in fact, directs him to enter the judgment for the amount specified in the plea. In the one case he is required to perform the ministerial act under the law through the judge, and in the other through the direction of the defendant. Where the clerk states in the judgment order that it is considered that the plaintiff have and recover, etc., it is not his

consideration or conclusion, but it is the conclusion of the law. In term time it is announced through the judge, and in vacation through the defendant, or his attorney in fact. It is no more the finding of the clerk in the one case than the other, and in either he but records the conclusion of the law.

The 66th section of the Practice act, (Rev. Stat. 1874, p. 782,) authorizes any person, by himself or attorney duly authorized, to confess a judgment for a *bona fide* debt due, in vacation, and it gives to it, when so entered, from the date thereof, like force and effect, and to become a lien in like manner and extent as judgments entered in term time. It will be observed that the statute speaks of the entry of a judgment both in term time and in vacation. No distinction is made. All know that the filing of such papers in term time without the entry of a judgment order would not constitute a judgment, or authorize the issuing of an execution, and we must presume that when the General Assembly authorized an entry of judgment in vacation, it was to be done in the same form as when entered in the court in term time. We can give the statute no other construction, and, so far as our knowledge extends, this is the first time since the adoption of this statute that a different construction has ever been claimed.

Here, there were all the facts appearing to require the clerk, under the statute, to enter the legal conclusion, but that was not done, and until done there was no judgment, but simply authority to enter a judgment. If appellants were to sue on the note, can it be contended that the mere spreading it and other papers on the record of the court could be set up and pleaded as a bar to a recovery thereon? We presume not, because there was no finding by the law and a recovery pronounced.

We are, therefore, of opinion that there was no judgment on which the execution could issue, and that it was unauthorized and void, and appellants acquired no rights under it, as against appellees, and, being void, it could be attacked collat-

erally as effectually as by a direct proceeding. The execution is not merely irregular, but it was issued without authority.

The 18th section of the Costs act, (Rev. Stat. 1874, p. 299,) provides, that where a complainant shall dismiss his bill, or it shall be dismissed for want of prosecution, the defendant shall recover costs; but in all other cases not otherwise directed by law, it shall be in the discretion of the court to award costs or not, and the payment of costs, when awarded, may be enforced by execution. As we have repeatedly held, this statute invests the circuit judge with a discretion that we have no power to review. Hence, the objection that the court below decreed costs against defendant is not well taken.

The decree of the court below is affirmed.

*Decree affirmed.*