JAMES A. CUMMINS

*v.*

WILLIAM H. HOLMES *et al.*

*Filed at Ottawa January 23, 1884.*

1.    APPEAL—*assigning error for disregarding ruling of Appellate Court in the same case—and in what manner the grounds of decision of that court to be shown.*    In order to properly present the question whether the ruling of the trial court, upon a second trial of a cause, upon the admissibility of certain evidence, was erroneous, as being contrary to the ruling of the Appellate Court on the particular question, on an appeal from the judgment rendered on the first trial, it must appear that the ruling of the trial court on the first trial, on the question, was the ground, or one of the grounds, of reversal,—and that can be shown only by the judgment or final order of the Appellate Court.    The *opinion* of that court will not be looked into for the purpose of ascertaining the grounds of its decision.

2.    AMENDMENT—*if of no avail, need not be allowed.*    There is no error in refusing leave to amend the record of a judgment by confession, when the amendment desired can be of no avail to the party asking it.

3.    EXECUTION—*on judgment by confession in vacation—judgment must have been actually entered.*    The filing of the necessary papers to authorize the entry of a judgment by confession in vacation is not of itself sufficient, but the judgment itself must in fact be entered up by the clerk before the clerk can legally issue an execution; and an execution issued before the actual entry of such judgment in the record is void, and may be attacked collaterally.    The subsequent entry of the judgment can not validate such an execution.

4.    CHATTEL MORTGAGE—*mortgagee in possession—who may question his right, and in what manner.*    A mortgagee in possession of chattels

under his mortgage, for condition broken, has the right to retain the property as against the mortgagor and creditors, whether his mortgage is valid or not, until his right is challenged in some mode known to the law. This can not be done by an officer under and by virtue of a void execution against the mortgagor.

5. POSSESSION—*as evidence of title—in replevin.* Where chattels are taken from one without any legal authority, his prior possession is sufficient to warrant a recovery against the *tort feasor.*

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Mercer county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

Messrs. McCAGG & CULVER, for the appellant:

On the first trial the record of the judgment was excluded as being void. The Appellate Court held that this was error, and remanded the case. If the circuit court erred on the first trial, it did also on the second trial, in failing to follow the decision of the Appellate Court. *Cummins* v. *Holmes et al.* 11 Bradw. 158.

The court below had no power on the second trial other than to follow the ruling of the Appellate Court. *Boggs* v. *Willard,* 70 Ill. 315.

The judgment of the Appellate Court not having been appealed from or in any manner vacated, became *res judicata. Hollister* v. *Abbott,* 31 N. H. 442.

The clerk has no judicial authority, but when the proper papers are filed in vacation it is his duty to enter up the proper judgment. These papers become, when so filed, part of the record of the case. *Roundy* v. *Hunt,* 24 Ill. 598; *Waterman* v. *Caton,* 55 id. 94.

As to our right to have the record amended, and as to the effect of such amendment when made, see Freeman on Judgments, secs. 71, 72, 72 a; Freeman on Executions, secs. 63, 71, 72; *Hill* v. *Hoover,* 5 Wis. 386; *Wyman* v. *Buckstaff,* 24 id. 477; *Close* v. *Gillespey,* 3 Johns. 526; *Dobson* v.

*Dickson,* 8 Ala. (N. S.) 252; *Sheldon* v. *Gunn,* 57 Cal. 40; *Will of Cole,* 52 Wis. 591; *Ætna Life Ins. Co.* v. *McCormick,* 20 id. 265; *Rickman* v. *Rickman,* 6 Lea, 483; *Howell* v. *Morlan,* 78 Ill. 162; *McLeran* v. *McNamara,* 55 Cal. 508; *Rousset* v. *Boyle,* 45 id. 64; *Hollister* v. *The Judges,* 8 Ohio St. 201; *Doty* v. *Colton,* 90 Ill. 453.

Messrs. BASSETT & WHARTON, for the appellees:

The record offered was not a judgment. It shows no finding or order of judgment, and recites no confession of judgment. It was a nullity. *Martin* v. *Barnhardt,* 39 Ill. 13; *Faulk* v. *Kellums,* 54 id. 188.

The motion was to amend a record of a judgment against Samuel W. Gailey, who was not a party to this suit, and no notice was served upon him. The attorneys in this suit were not his attorneys, and did not pretend to act or answer for him. The attorneys could well and properly waive notice as to the appellees, but they had no right, nor did not pretend, to waive notice as to Gailey. Freeman on Judgments, sec. 72; *McCormick* v. *Wheeler,* 36 Ill. 114; *Lill* v. *Stookey,* 72 id. 495; *Wallahan* v. *People,* 40 id. 102; *McKinsley* v. *Burch,* 43 id. 488; *State Savings Institution* v. *Nelson,* 49 id. 171; *Means* v. *Means,* 42 id. 50.

The motion to amend was made in a collateral suit. It was not permissible. *Pitkin* v. *Yaw,* 13 Ill. 251; *Bonnell* v. *Neely,* 43 id. 289; *Cook* v. *Wood,* 24 id. 297; *Swift* v. *Allen,* 55 id. 303; *Rauh* v. *Ritchie,* 1 Bradw. 188.

There was nothing by which to amend. *Cairo and St. Louis R. R. Co.* v. *Holbrook,* 72 id. 423; Freeman on Judgments, sec. 70.

The record could not be amended to the prejudice of parties whose rights had intervened. *Church* v. *English,* 81 Ill. 445; *Gillett* v. *Booth,* 95 id. 183; *Coughran* v. *Gutchens,* 18 id. 391; *Loomis* v. *Francis,* 17 id. 206; *Shirly* v. *Phillips,* id. 471; *McCormick* v. *Wheeler,* 36 id. 114.

Mr. Justice Scott delivered the opinion of the Court:

This action was commenced in replevin by William H. Holmes and others, against James A. Cummins, as sheriff, to recover the possession of a stock of boots and shoes which the sheriff had levied on by virtue of an execution against one Samuel W. Gailey, as the property of the execution debtor. The case has been twice tried in the circuit court of Mercer county, and on both trials the issues were found in favor of plaintiffs, and judgment rendered accordingly. The first judgment, on the appeal of defendant, was reversed by the Appellate Court, and the cause remanded for a new trial, but the second judgment was affirmed by the Appellate Court, and defendant brings the case to this court on appeal.

It is assigned for error the trial court erred in excluding, when offered as evidence, on the last trial, the judgment and execution under which defendant, as sheriff, claimed the right to the possession of the goods in question. One reason assigned in support of the position taken is, on the first appeal to the Appellate Court that court held it was error in the circuit court, on the first trial of the cause, to exclude the judgment and execution, and reversed the judgment of the trial court for that reason, and remanded the cause. It is thought the question made can not arise on the present record. It contains nothing that shows the judgment and execution, under which the sheriff claims the possession of the property in controversy, were offered in evidence on the first trial of the cause and were rejected by the court, nor is there anything in this record now before the court that shows for what reason or on account of what particular error the first judgment of the trial court was reversed. In the mandate of the Appellate Court which appears in this record, it is recited the judgment is reversed and the cause remanded "for such other and further proceedings as to law and justice shall appertain." No other direction is given to the trial court, nor does it ap-

pear from the mandate for what reason the judgment was reversed. It was held by this court in *Coalfield Coal Co.* v. *Peck*, 98 Ill. 139, the opinion of the Appellate Court may not be looked into to ascertain what that court decided in any given case,—it must appear from the judgment or final order of the court. (*Harzfeld* v. *Converse*, 105 Ill. 534.) In the case being considered it does not appear, from the judgment or final order of the court made on the first appeal, what that court did decide, and so it can not be known, from anything in the record, that it was held the trial court erred in excluding the judgment and execution when offered as evidence on the first trial of the cause.

It is not a matter of any consequence whether the court erred in overruling defendant's motion for leave to amend the record of what is alleged to be a judgment by confession. An amendment such as defendant desired to have made, would have availed him nothing in the present suit. Under the decision of this court in *Ling* v. *King*, 91 Ill. 571, the execution issued by the clerk, and under which defendant levied on the property in controversy, was void. It was ruled in that case, the filing of the necessary papers to authorize the entry of a judgment in vacation by confession, is not of itself sufficient, but the judgment must in fact be entered up by the clerk before an execution can be legally issued, and that an execution issued when no judgment has in fact been entered, is void, and may be attacked collaterally. In the case now before this court no judgment had been entered by the clerk prior to or at the time the execution was issued. Papers had been filed that would authorize the entry by confession of a judgment against the debtor, but it was not in fact done. In this respect this case is "on all fours" with *Ling* v. *King*. Conceding, then, as must be done, the execution in the hands of defendant, when issued by the clerk, was void, and might be attacked collaterally, it is apprehended no subsequent entry of a judgment by the clerk on the papers

filed in his office would validate the execution. That which is only voidable might be cured, but it would involve a legal solecism to say, that which is void from the beginning could be helped by any subsequent amendment.

Treating the execution in the hands of defendant as void, he had no lien, in any event, upon the goods in question that he could maintain. Plaintiffs were mortgagees in possession of the property. That would give them the right of possession as against the mortgagor, and also against creditors, whether their mortgage was valid or not, until their right was challenged in some mode known to the law. That has not been done in this case, and their previous possession was sufficient to warrant a recovery in the present action.

The judgment will be affirmed.

*Judgment affirmed.*