Baker v. Barber.

---

JOSEPH N. BAKER, Assignee, etc.,

v.

VOLNEY BARBER.

1. VOID EXECUTION.—An execution issued before a judgment confessed in vacation has been entered up by the clerk, is void, and can not be cured by a subsequent amendment of the record.

2. EVIDENCE—PAROL, TO CONTRADICT RECORD.—Where declarations, powers of attorney, affidavits and *cognovits*, are fi'ed with the clerk of the circuit court in vacation for the purpose of having him enter up judgments by confession thereon, and the clerk after filing the same, issued executions thereon as upon judgments confessed, and property was levied upon under said executions that same day, while the judgments were not actually written up until two days later, and the rights of other creditors intervened. *Held*, competent to show by parol that at the time the executions issued there were no judgments to support them, although it contradicted the record, which apparently showed the judgments as written up the day of filing.

3. JURISDICTION—OF COUNTY COURT NOT ENTIRELY EXCLUSIVE.—The jurisdiction of the county court in matters of assignments for benefit of creditors is not so exclusive that the circuit court is thereby ousted of its jurisdiction to recall or quash writs issued irregularly or wholly without authority by its own officers respecting the property in the assignee's hands.

ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. C. C. CLARK, WALKER & WALKER, CREA & EWING, and Mr. W. C. JOHNS, for plaintiffs in error; that executions issued before judgments are entered are void, cited Ling v. King, 91 Ill. 571; Cummins v. Holmes, 109 Ill. 15.

As to power of a court over its records: C. & St. L. R. R.

Baker v. Barber.

Co. v. Holbrook, 72 Ill. 419; Buckmaster v. Carlin, 3 Scam. 107; Dunham v. South Park Com'rs, 87 Ill. 185; O'Conner v. Mullen, 11 Ill. 57; Church v. English, 81 Ill. 442; Sandburg v. Papeneau, 81 Ill. 447; Crafts v. Hall, 3 Scam. 131.

As to proof of power of attorney: Bisbee v. Woodbury, 8 Bradwell, 338; 1 Greenleaf on Ev., §§ 297–300; Anderson v. Field, 6 Bradwell, 313; Durham v. Brown, 24 Ill. 94.

As to assignee being proper party to make the motions in this case: Derrick v. Lamar Ins. Co., 47 Ill. 404; Burnham v. Lamar Ins. Co., 79 Ill. 160; Conkling v. Ridgely, Chicago Legal News, Oct. 4, 1884; Jenkins v. Greenbaum, 95 Ill. 11; Knox v. Exchange Bk., 12 Wallace, 381.

Messrs. OUTTEN & VAIL, for defendants in error; that if the several assumed creditors are the real plaintiffs they are *strangers* to the judgments, and the law gives them no remedy by proceeding by motion to quash the execution, cited Bonnell v. Neely, 43 Ill. 289; Adam v. Arnold, 86 Ill. 185; Hitchcock v. Roney, 17 Ill. 231; Kellogg v. Keith, 4 Bradwell, 387; Goodwin v. Mix, 38 Ill. 115; Freeman on Executions, § 75.

If the assignee is the *real* plaintiff in error, *he* can not under the law raise these questions by a proceeding of this kind: R. S., Ch. 10, § 11; Frear v. Com. Nat. Bk., 73 Ill. 473.

As to when a judgment entered in vacation will be set aside: Farwell v. Meyer, 36 Ill. 510; Ball v. Miller, 38 Ill. 110; Stuhl v. Shipp, 44 Ill. 133; Hinds v. Hopkins, 28 Ill. 351.

To introduce verbal proof of a different date to the judgment is to contradict by parol a public record: Lawver v. Langhans, 85 Ill. 138; Garfield v. Douglass, 22 Ill. 102; Wiley v. Southerland, 41 Ill. 25; Gecum v. Dean, 40 Ill. 92; Barnett v. Wolf, 70 Ill. 76; Harris v. Lester, 80 Ill. 307; Kemper v. Town of Waverly, 81 Ill. 278.

By common law, as soon as final judgment was *signed* and before its entry of record, execution might issue, provided there was no writ of error depending or agreement to the contrary: Freeman on Executions, §§ 24, 77; Stevens on

Pleading, 111–116; Archibald's Prac. 2 Am. Ed. 226; 2 Lidd's Prac. 994; Styles' Prac. Reg., tit. Judgment, 1 Manning's Exch. 352; Stevens on Pleading, 111.

Consequences of a premature issuing of an execution: Freeman on Executions, § 25; Steward v. Stokes, 13 S. R. 199; Lawber's Appeal, 8 W. & S. 389; Wilkinson's Appeal, 65 Penn. 190; Lynch v. Kelly, 41 Cal. 232; Allen v. Portland Stage Co., 8 Greenleaf, 209; Blaine v. Ship Chas. Carter, 4 Cranch, 333; Carson v. Walker, 16 Mo. 85; Bacon v. Cropsey, 7 N. Y. 199; Overall v. Pero, 7 Mich. 316; Gains v. Betts, 2 Doug. (Mich.) 99; Felter v. Mulliner, 2 J. R. 181; Hess v. Beckman, 11 J. R. 457; Blydenburg v. Cotheal, 4 Const. R. 418.

McCulloch, J. The four above entitled causes were heard in this court upon one bill of exceptions. On the 16th day of February, A. D. 1884, in vacation, the defendants in error severally filed declarations, powers of attorney, affidavits and *cognovits* with the clerk of the circuit court for the purpose of having him enter up judgments by confession in their favor and against John Irwin. Immediately upon filing the same, the clerk proceeded to issue executions for the several amounts confessed by the *cognovits*, and costs. The aforesaid papers were left with the clerk about five o'clock in the afternoon, and as soon thereafter as executions could be made out they were issued as upon judgments confessed, and placed in the hands of the sheriff. The proof shows that the judgments were not written up that day, which was Saturday, but that they were actually written up on Monday, the eighteenth.

On the night of the sixteenth of February, and after the aforesaid executions had been placed in the hands of the sheriff, the said John Irwin executed a deed of assignment of all his property to appellant for the benefit of all his creditors. By virtue of this deed of assignment appellant undertook to dispose of the property assigned under the direction of the county court as provided by statute.

The sheriff having made a levy upon personal property of the judgment debtor, the other creditors filed a petition in

the county court and obtained an order that the sheriff deliver over to appellant the property levied on, he to retain his writs and levies, and the judgment creditors lose nothing by such surrender. In pursuance of this order the sheriff surrendered the property to appellant. The property so levied on having, by this proceeding, come within the jurisdiction of the county court, the contesting creditors applied for and obtained leave to prosecute a motion in the circuit court, in the name of the assignee, to vacate the said judgments and to set aside the said executions and levies.

In pursuance of the leave so granted, appellant appeared by attorneys in the circuit court and entered his motion in each of said causes to vacate the judgments, to quash the executions and to set aside the said levies, all of which the court refused to do and overruled said motions. To reverse said action of the court these several writs of error are prosecuted.

It is first contended on the part of defendants in error that plaintiff in error, being a stranger to the records, had no standing in court to make such motions. It is provided by Sec. 11, Chap. 10, R. S., that the assignee shall have power and authority " to sue for and recover in the name of such assignee or assignees, everything belonging or appertaining to said estate, real or personal, and generally to act and do whatsoever the said debtor or debtors might have done in the premises." If these writs were void as contended for, then the debtor would, but for the assignment, have had the right to take all necessary steps and proceedings which the law would give him to regain his property or the value of it. By the deed of assignment, the same right was undoubtedly transferred to the assignee, so far as was necessary to protect his title to the property assigned.

It is claimed, however, that by virtue of the several powers of attorney and the *cognovits* upon which the judgments were confessed, all errors intervening in the entering up of the judgments and in issuing executions thereon were released, and therefore the debtor himself could have had no advantage from the motions made by the assignee.

It will be observed that the executions are attached because

Baker v. Barber.

they were issued before the judgment was entered up. The releases contemplated in the powers of attorney relate to errors in entering up the judgments and in issuing executions thereon. They do not estop the debtor from showing that the executions are void, because they were not issued in pursuance of the powers, that is, issued before any judgment had been entered. If void for that reason, the debtor himself could call them in question.

It is further contended that parol proof is admissible to show that the judgments were written up on Monday instead of Saturday as the record shows. On the other hand it is contended that the rule which excludes parol evidence tending to show the judgments were rendered on a day different from that appearing upon the record, applies only to judicial proceedings and not to the ministerial acts of the clerk in entering judgment upon a *cognovit*.

We do not deem it necessary to decide this point. In this State, an execution issued before the judgment, confessed in vacation, has been entered up by the clerk, is void, and can not be cured by a subsequent amendment of the record. Ling v. King et al., 91 Ill. 571; Cummins v. Holmes, 109 Ill. 15. We do not contradict the record by showing that the execution was issued and in the hands of the sheriff before the judgment was actually written up, although upon the same day. Under the practice in the State of New York, when an execution is issued before the judgment roll is lodged with the clerk, it is void, but it may be rendered valid by a subsequent filing of the judgment roll. But even there, the execution in the hands of the officers is void until the roll is actually lodged with the clerk, so that intervening valid liens are protected. In Marvin v. Herrick, 5 Wend. 109, a judgment roll was filed with the clerk at nine o'clock in the forenoon and execution issued upon the same at eleven o'clock of the same day. An execution against the same defendant had been issued on the same day at nine o'clock and thirty minutes in the forenoon, but in that case the judgment roll was not lodged with the clerk until near three o'clock in the afternoon. Although the filing of the roll at that late hour

might, under the practice of that State, have rendered the execution issued at nine o'clock and thirty minutes, A. M., valid as between the parties, yet the judgment could not relate back so as to make the execution purporting to have been issued upon that judgment, take precedence of the writ issued at a later hour. So in this case it is competent to show by parol that at the time these writs issued, there were no judgments to support them, and according to the decision in Cummings v. Holmes, *supra*, the subsequent entering of the judgments could not render them valid.

The consequence is that these judgment creditors had no liens upon the property levied on, and the same passed to the assignee under the deed of assignment. We are therefore of the opinion the circuit court erred in not quashing the executions and the levies.

But it is contended that the county court had full jurisdiction to adjudicate upon the questions at issue. It is possible, and we think it quite likely, that the county court could for itself have determined whether or not these executions had any validity, and whether or not they created any lien upon the property assigned, or any part of it. But having become possessed of property subject to executions issued from the circuit court, which might have occasioned a conflict of jurisdiction and possibly led to protracted litigation, we deem it eminently proper for the county court to have pursued the course it did. It can not be successfully contended that because the county court may have acquired jurisdiction to determine the *status* of the property in respect to the liens of the judgments in question, that the circuit court was thereby ousted of its jurisdiction to recall or quash writs issued irregularly or wholly without authority by its own officers.

It is also contended on the part of plaintiff in error that the judgment in the first of the above mentioned cases is void for want of sufficient proof of the power of attorney, and this is urged as another ground for quashing the execution. The proof is not set out in the abstract. We do not, therefore, feel called upon to consider it. But even if the judgment was void for want of a sufficient affidavit, we should not feel

warranted in going further than to quash the execution, which, as already seen, must be done for another reason. The judgment, without an execution, created no lien upon the property levied on, and consequently it is not necessary to set it aside to render appellant's title thereto complete under his deed of assignment. The record shows no controversy as to any lien that might exist upon any real estate by virtue of the judgment. We do not, therefore, deem it necessary to consider the point any further. But for the errors in not quashing the executions and levies the several judgments of the circuit court will be reversed and the causes remanded.

Reversed and remanded.

Upon the motion of appellees, it is ordered that the former order of this court made and entered May 20, 1885, reversing and remanding the causes, be so modified as to read that the judgment of the circuit court be reversed and the causes remanded, with directions to the circuit court to allow the motion of the appellant and to quash the said executions accordingly, with costs.