C. H. KNIGHTS *et al.*

*v.*

C. H. MARTIN, Assignee.

*Filed at Springfield April 2, 1895.*

1. INSOLVENCY—*assignee may move to quash execution against assignor.* An assignee for the benefit of creditors may move to quash an execution issued upon a judgment confessed in vacation, against his assignor, and to set aside the judgment, although the general rule is that no one but a party can so move.

2. EVIDENCE—*that execution was issued before judgment was entered—contradicting record.* Upon a motion to quash an execution upon a judgment confessed in vacation and to set aside the judgment, evidence is admissible that the execution was issued and in the hands of the sheriff before the judgment was actually written up, as it does not contradict the record; but further evidence that the judgment was written up two days later than its date and the date of the issuance of the execution, is inadmissible.

3. EXECUTION—*cannot issue before formal entry of judgment.* An execution upon a judgment entered in vacation, which is issued before the formal entry of the judgment in the record, is void, although it has been noted in the judgment and execution dockets, in the fee book and in the index of the court record.

*Martin* v. *Knights*, 56 Ill. App. 65, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Fulton county; the Hon. JEFFERSON ORR, Judge, presiding.

CLARK VARNUM, for appellants:

No person but a party to a judgment or execution can move to set aside the judgment or quash the execution. Rev. Stat. sec. 65, chap. 110; *Bonnell* v. *Neeley*, 43 Ill. 288.

A stranger to the record cannot interfere to quash the levy or the execution. *Swiggart* v. *Harber*, 4 Scam. 362; *Hitchcock* v. *Roney*, 17 Ill. 231; *Oakes* v. *Williams*, 107 id. 154.

If the court has jurisdiction to render a judgment, such judgment cannot be questioned by anybody except by a party to the record of such judgment. *Freydendall* v. *Baldwin*, 103 Ill. 129; *Wimberly* v. *Hurst*, 33 id. 166; *Cemetery Co.* v. *People*, 92 id. 619; *Maloney* v. *Dewey*, 127 id. 305.

It is the entry in the judgment docket that is the entry of judgment. *Rockwood* v. *Davenport*, 37 Minn. 533.

A confession of judgment need not be entered in the minute or journal book. Such entry in such minute or journal book is only useful or important to preserve the symmetry of the court proceedings. *Davis* v. *Barker*, 1 Ga. 559.

If judgment be entered in the judgment record, the failing to record it in the journal is nothing more than a clerical error or misprision. *Bond* v. *Bank*, 65 Md. 493.

Judgment was entered up by confession and entered in the judgment book, but no entry made in court records, and it was held to be a formal judgment. *Mining Co.* v. *Terry*, 11 Nev. 237.

It is not material in what form or words a judgment is entered. It is sufficient if it shows the parties, the date, the subject matter and the result. *Bank* v. *McVeigh*, 32 Gratt. 530.

The simple entry on the trial list and docket, "Judgment for plaintiff," or "Judgment for defendant," is all that is necessary to constitute a good judgment. 2 Bouvier's Law Dic. (15th ed.) p. 17; *Johnson* v. *Gillette*, 52 Ill. 358; *Wells* v. *Hogan*, Breese, 264; *Bellingall* v. *Duncan*, 3

Gilm. 477; *Minkhart* v. *Hankler*, 19 Ill. 47; *Barrett* v. *Carragan*, 16 Iowa, 47; *Church* v. *Crossman*, 41 id. 373.

Formal entries of judgment are not required unless a complete record is desired. 2 Bouvier's Law Dic. 16, 17.

DANIEL ABBOTT, and JOHN A. GRAY, for appellee:

We must presume that when the General Assembly authorized an entry of judgment in vacation, it was to be done in the same form as when entered in court in term time. *Ling* v. *King*, 91 Ill. 571; *Poppers* v. *Meager*, 33 Ill. App. 19.

In vacation, when a confession of judgment is entered by the clerk, the judgment order must be entered before any judgment can be held to be in existence. *Ling* v. *King*, 91 Ill. 571 ; *Jasper* v. *Schlesinger*, 22 Ill. App. 641 ; *Cummins* v. *Holmes*, 109 Ill. 19.

In this State an execution issued before judgment, confessed in vacation, has been entered up by the clerk, is void, and cannot be cured by subsequent amendment of the record. *Baker* v. *Barber*, 16 Ill. App. 625; *Humphreys* v. *Swaim*, 21 id. 232; *Swaim* v. *Humphreys*, 42 id. 371.

Examples of what is not a sufficient judgment or record, are found in *Meyer* v. *Village of Teutopolis*, 131 Ill. 555; *Edwards* v. *Evans*, 61 id. 492 ; *Faulk* v. *Kellums*, 54 id. 190; *Martin* v. *Barnhardt*, 39 id. 10; *Alton Lime Co.* v. *Calvey*, 41 Ill. App. 598; *Haines* v. *People*, 19 id. 359.

It requires at least an order and finding to make a valid judgment. *Sears* v. *Sears*, 3 Gilm. 48 ; *Stevison* v. *Earnest*, 80 Ill. 519.

For the meaning of the words "record of any judgment," see *Vail* v. *Iglehart*, 69 Ill. 334.

There must be a record or memorial of the proceedings of a court of record in every cause, in order to support and give effect to such proceedings. 20 Am. & Eng. Ency. of Law, 476, 477.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a motion to quash an execution issued upon a judgment confessed in vacation, and to set aside the judgment. Shortly after the judgment was confessed the judgment debtor executed to appellee a deed of assignment of all his property for the benefit of his creditors. The motion was made in the name of the judgment debtor and his assignee, but before decision the debtor formally withdrew the motion as to himself, and it was afterwards prosecuted by the assignee. The Fulton circuit court, at the December term thereof, 1893, denied the motion. The assignee thereupon appealed to the Appellate Court, which reversed the judgment of the circuit court and remanded the cause, with directions to quash the execution. From that judgment appellants bring this appeal.

It appears that when the execution was issued the judgment had not been fully written up—that is, had not been entered in the "journal," though it had been properly noted and indexed in the judgment and execution dockets, in the fee book and in the index of the court record.

Appellants contend that appellee was not a proper party to make this motion, which was made under section 65, chapter 110, of the Revised Statutes. The assignee takes the same interest and title in the assigned estate that his assignor possessed, and his title will be subject to all the equities that existed in respect thereof in the hands of the assignor, and he may do whatever his assignor might have done in respect of the assigned property if no assignment had been made. (Secs. 1 and 11 of Voluntary Assignment act, Laws of Ill. 1877; *Davis v. Chicago Dock Co.* 129 Ill. 180.) We are of the opinion that the relationship of the assignee to his assignor and to the assigned estate is such that he may be considered a proper party to make this motion, notwithstanding the

rule that no one but a party to a judgment or execution can move to set aside a judgment or quash the execution. *Jenkins* v. *Greenbaum*, 95 Ill. 11; *Conkling* v. *Ridgely*, 112 id. 36; *Roche* v. *Beldam*, 119 id. 320; *Baker* v. *Barber*, 16 Ill. App. 621.

It is further contended that it was not competent to show that the formal record of the judgment, which purports to have been written when the judgment was confessed, was in fact not completed until two days later, and after the execution was issued. Evidence to show that the execution was issued and in the hands of the sheriff before the judgment was actually written up was relevant and proper. This would not contradict the record. So much of the evidence as tended to show, further, that the judgment was written up on a day different from the issuing of the execution, was improper. *Cummins* v. *Holmes*, 109 Ill. 15; *Ling* v. *King*, 91 id. 571; *Baker* v. *Barber*, 16 Ill. App. 621.

Disregarding the incompetent portion of the evidence, it is urged that it was not shown that the execution was issued before the judgment was entered up, appellants contending that the mere fact the judgment had not been formally entered in the record before the execution was issued was a matter of no importance; that such entry was unnecessary, inasmuch as the judgment had been noted in the judgment and execution dockets, in the fee book and in the index of the court record, and that such entries in those books were alone sufficient to constitute a valid judgment. On the authority of the cases last above cited we take a different view of the question from that here contended for by appellants, and must hold that in respect to this judgment entered by the clerk in vacation, the entry in the "record" was indispensable to constitute a valid judgment. The execution here in controversy was therefore void.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*