KINGMAN & CO. *v.* H. G. REINEMER *et al.*

and

GEORGE HOTZ, Sheriff, *v.* FREDERICK W. FRITZ, Assignee.

*Filed at Mt. Vernon April 1, 1897.*

1. EVIDENCE—*presumption that party read note before signing is not conclusive.* The presumption that a party signing a note read the same or knew its contents before signing it is not conclusive, and may be overcome by contrary proof.

2. FRAUD—*evidence of fraud need not be conclusive.* It is sufficient if the fraud alleged in a motion to vacate a judgment by confession be established by a preponderance of the evidence.

3. SAME—*fraud as ground for vacating judgment by confession.* It is a sufficient ground for vacating a judgment by confession entered on judgment notes, that the parties signing them were fraudulently induced to do so by the agent of the payee, who falsely represented them to be plain promissory notes.

4. APPEALS AND ERRORS—*party cannot raise question for first time in Supreme Court.* A question raised for the first time in the Supreme Court, and not preserved for review by motion, proposition of law or otherwise, is not properly before that court for consideration.

*Kingman & Co.* v. *Reinemer,* 58 Ill. App. 173, affirmed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. GEORGE W. WALL, Judge, presiding.

On June 22, 1893, H. G. Reinemer & Co. executed and delivered their two judgment notes to Kingman & Co., one of them for $1424.34, due July 1, 1893, and the other for $3536.27, due September 1, 1893. Said notes were signed also by the partners, H. G. Reinemer and Philip Knebel, as individuals. On the day following their delivery, Kingman & Co., the payee, caused a judgment by confession in its favor to be entered before the clerk in vacation on said notes, for $5450.06 and costs, and on the same day ordered execution to be issued thereunder to the sheriff, who, on the evening of that day, levied it on the entire stock of Reinemer & Co. A few days later,

on June 26 and 27, deeds of assignment to Frederick W. Fritz were executed by said firm of Reinemer & Co., the individual members thereof conveying all the firm and individual property and assets not exempt, for the benefit of their creditors. All the necessary steps were taken, as required by the statute, to invest the assignee with the title and control of the property and assets so conveyed.

At the October term, 1893, of the Madison circuit court, it being the first term of the court held after the said confession of judgment, a motion in writing was made by Reinemer & Co., F. W. Fritz, assignee, and creditors of said firm, to vacate said judgment. The motion set forth several reasons why the judgment should be vacated and set aside, and was supported by affidavits. The principal reason so set forth and relied upon was, that the making of the notes for which the judgment was confessed had been obtained by the fraud of one Roberts, the agent of Kingman & Co. In the meantime, and on June 27, 1893, the assignee filed his affidavit, and caused a writ of replevin to be issued to the coroner, against the said sheriff, for the stock of goods levied upon under the execution mentioned, and, the necessary replevin bond having been furnished, the writ of replevin was executed by taking and delivering to the assignee the said stock of goods, and summoning the sheriff to appear at the October term, 1893, of the Madison circuit court. At that term both the replevin suit and the aforesaid motion were continued to the March term, 1894. At the March term the motion to vacate and the suit in replevin were consolidated, and tried, by agreement of the parties, by the court without a jury. Evidence was introduced and heard by the court on behalf of the several parties. The court sustained the motion, set aside and vacated the judgment by confession, found the issues in the replevin suit for the plaintiff, and entered judgment accordingly. An appeal in each case was taken to the Appellate Court for the Fourth District. The cases having been consoli-

dated by agreement of the parties, that court heard and considered them together, and affirmed the order and judgment on said motion and the judgment in the re-plevin suit.   Kingman & Co., the plaintiff in the suit on said notes, and George Hotz, the sheriff, bring the cause to this court by writ of error.

ARTHUR KEITHLEY, for plaintiffs in error.

TRAVOUS & WARNOCK, for defendants in error.

Mr. JUSTICE BAKER delivered the opinion of the court:

The judgment of affirmance rendered in the Appellate Court has conclusively settled the facts herein adversely to the plaintiffs in error.   We are therefore restricted to a consideration of the questions of law raised by the as-signments of error.

It is contended that the trial court erred in admitting improper evidence.   By agreement of the parties the motion to vacate the judgment and the suit in replevin were consolidated, and submitted to the court without the intervention of a jury.   We think that testimony as to the financial condition of Reinemer & Co. and the other surrounding circumstances was not incompetent, and might properly be regarded in determining the na-ture of the transaction.   No specific objection was made to the introduction in evidence of the affidavit of Mollett, and it would seem it was competent evidence upon the hearing of the motion to vacate the judgment.   And at all events, no error of sufficient importance to justify a reversal under this assignment of error was committed.

The principal ground relied upon by Reinemer & Co. in their motion to vacate the judgment by confession was, that Roberts, the agent of Kingman & Co., had fraudulently induced them to sign the notes by repre-senting them to be ordinary promissory notes, such as they had been in the habit of giving to Kingman & Co., whereas the notes were in fact, and unknown to them,

judgment notes. Among other propositions of law touching this question in the case, plaintiffs in error submitted to the court the following, and asked that they be held to be the law:

2. "The court is asked to declare the law to be, that it was the duty of Reinemer & Co., and Reinemer and Knebel, as individuals, to read the notes before they signed them; and if they did not do so, they will still, as a matter of law, be presumed to know what was contained in the notes at the time they signed them."

6. "The court is asked to declare the law to be, that Reinemer and Knebel are presumed, as a matter of law, to have read the notes herein before they signed them."

The court marked them both "held," after having first added to each of them the words, "in the absence of proof to the contrary." There is no merit in the claim of plaintiffs in error that such modification constituted error. On the contrary, the action of the court in this regard was proper, for the presumptions mentioned in said propositions are not conclusive, but may be overcome by proof.

The fifth and seventh propositions submitted by the plaintiffs in error the court refused to hold as the law. They are as follows:

5. "That although it may appear, from the evidence, that at the time of the execution of the notes Roberts, the representative of Kingman & Co., said to Reinemer and Knebel that they could have further time, yet unless it appears that said Roberts had authority to bind Kingman & Co. by such promise the judgment of the court should be that the motion to vacate the judgment should be dismissed and judgment for defendant in the replevin suit."

7. "The court is asked to declare the law to be, that before the judgment herein can be set aside for fraud, fraud must be conclusively shown from the evidence."

These propositions, it is contended, stated the law, and should have been held. A fatal objection to the

fifth proposition is, that the conclusion does not.necessarily follow, for, even if it did not appear that Roberts "had authority to bind Kingman & Co. by such promise," yet the defendants in error might nevertheless have sustained their motion.   Indeed, their main contention was, not what this proposition would seem to indicate, but fraud in the procurement of the signatures to the notes, by representing them to be notes of a different character from what they really were.   This proposition, therefore, was properly refused.   The seventh proposition, also, was properly refused.   The law is not as therein set forth. It is sufficient if the fraud alleged be established by the preponderance of the evidence.  *Reed* v. *Noxon,* 48 Ill. 323; *Carter* v. *Gunnels,* 67 id. 270; *Hubbard* v. *Rankin,* 71 id. 129; *Hewett* v. *Johnson,* 72 id. 513;  *Schroeder* v. *Walsh,* 120 id. 403.

It is urged that, since the assignee is but the representative of the assignors and limited to the same powers and remedies as the latter, the replevin suit did not lie, because the property involved therein was all taken from the assignors by virtue of an execution against them, and not being property that was exempt from execution, the case came within the prohibition of that part of section 2 of the Replevin statute which is as follows: "No action of replevin shall lie at the suit of the defendant in any execution or attachment, to recover goods or chattels seized by virtue thereof, unless such goods and chattels are exempted, by law, from such execution or attachment." It is a sufficient answer to this objection that the question is not properly before us.   It does not appear to have been urged in either the trial court or the Appellate Court; nor was the question saved either by a motion to dismiss, a proposition of law, or otherwise.   Besides this, the statute says that the action shall not lie at the suit of the "defendant in any execution or attachment."   Here the assignee brought the replevin suit, and he is not the "defendant" in the execution.   The statute limits the right to bring the action,

and its mandate does not extend beyond its own express terms.

We find no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*