SEYMOUR A. BLAKE *et al.*

*v.*

THE STATE BANK OF FREEPORT.

*Opinion filed February 17, 1899.*

1. JUDGMENTS AND DECREES—*power of court to set aside a judgment by confession is an equitable one.* An application to set aside a judgment by confession is addressed to the sound discretion of the court, and calls for the exercise of the equitable power of the court over its own judgments.

2. SAME—*judgment by confession not set aside for irregularities unless there is a good defense.* A judgment by confession should not be set aside for mere irregularities or defects in the proceedings unless a good defense is shown, but if it is apparently unjust it may be opened and permitted to stand as security until the case can be heard.

3. SAME—*affidavit of genuineness of signature may be made before note is due.* The affidavit of the genuineness of the signature to a judgment note may be made at any time after such signature is in existence, whether the note is due or not.

4. SAME—*judgment by confession cannot be contradicted.* A judgment by confession *prima facie* regular in all respects cannot be impeached

by affidavits that the plea of confession was prepared and signed the night before the note was due.

5. FRAUD—*what not fraud in procuring execution of warrant of attorney.* A judgment by confession on a note for a *bona fide* debt will not be set aside for alleged fraud in procuring the execution of the warrant of attorney, arising from the facts that the maker, being without his glasses, was unable to read the warrant, and that the payee's agent did not read it distinctly enough to enable the maker to comprehend that he was signing a judgment note.

*State Bank of Freeport* v. *Blake,* 78 Ill. App. 166, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. CHARLES E. FULLER, Judge, presiding.

A. D. EARLY, for appellants.

WILLIAM MARSHALL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A judgment by confession in favor of appellee, against appellant Seymour A. Blake, was entered September 4, 1897, in the circuit court of Winnebago county for $3515.68, which was the amount of a promissory note executed by said Blake to appellee September 3, 1897, with interest, and $15 for attorney's fees. On September 13, 1897, Blake executed a voluntary assignment for the benefit of his creditors to appellant Joel B. Whitehead, and on October 12, 1897, appellants entered their motion to vacate said judgment. The motion was heard upon affidavits and was allowed, and an order was entered setting aside the judgment and quashing an execution which had been issued thereon. On appeal to the Appellate Court that order was reversed and this appeal was prosecuted.

Such an application as this is addressed to the sound discretion of the court, and calls for the exercise of the equitable power of the court over its own judgments.

A court of law, being invested with such power, will not send a defendant against whom a judgment has been entered by confession, to a court of equity for redress, but the power, whether exercised by a court of law or of equity, is an equitable one, to be governed by the same principles. If a judgment so entered was not confessed by authority of the defendant it will be void for want of power to confess it, and a defendant who is injured by it may have it set aside upon motion. (*Stein* v. *Good*, 115 Ill. 93; *Whitney* v. *Bohlen*, 157 id. 571.) So, also, if a power to confess a judgment has been obtained by fraud, so that it is vitiated and rendered a nullity by such fraud, it will be set aside. (*Kingman & Co.* v. *Reinemer*, 166 Ill. 208.) In such cases the judgment is to be considered as absolutely void. For mere irregularities or defects in the proceedings the court will not set aside a judgment except where a good defense on the merits is shown, but if the judgment is unjust and against conscience it will be opened, and permitted to stand as security until the case can be heard on its merits. *Rising* v. *Brainard*, 36 Ill. 79; *Farwell* v. *Meyer*, id. 510; *Holmes* v. *Parker*, 125 id. 478; *Hansen* v. *Schlesinger*, id. 230.

In this case no defense on the merits was shown. The debt for which the note was given was due and was just, and so is the judgment. The grounds upon which the judgment is attacked are alleged irregularities in the execution of the power, and fraud in procuring the execution of the warrant. One of these grounds is, that the affidavit that the signature of Blake was genuine was made September 3, 1897, before a cause of action had accrued on the note. This is not a good objection. The office of such an affidavit is, not to prove a cause of action, but to establish the fact that the signature is genuine. There is no reason why the fact may not as well be proved at any time after the making of the signature as after a cause of action has arisen. Where the attempt is to furnish evidence of a cause of action, such cause of

action must have accrued when the proof is made; but where it is necessary to prove a signature, all that is necessary is that the signature shall be in existence and can be identified. There can be no possible difference whether the affidavit was made at one time or another, after the fact to be proved exists. If the time when the affidavit was made constituted any objection at all, it would not be available without showing a good defense, and that is not attempted.

All the necessary papers were filed at the time of the entry of judgment and the judgment and proceedings are regular on their face. There is an attempt, however, to show by affidavits that the plea confessing the cause of action was written and signed the night before it was filed in the clerk's office, and that, therefore, the judgment was confessed prematurely, before the note was due. The warrant of attorney authorized the confession of the judgment at any time after the date of the note, and there was, therefore, no power to confess a judgment on the day of the date of the note, at which time the affidavits state the plea was drawn and signed. (*Waterman v. Jones*, 28 Ill. 54.) It is conceded that a judgment could properly be confessed on September 4, 1897, when the judgment was entered, and it is immaterial when the plea and confession were written and signed. The execution of the power was by the entry of appearance and confession, and what was done in the way of preparation for such execution was immaterial. Furthermore, the judgment could not be attacked in that way. A judgment by confession has all the qualities, incidents and attributes of other judgments. The legislature has fixed and provided for the judgment, and authorized the clerk to enter it upon the filing of the proper papers. The clerk, in making such entry, records the conclusion and finding of the law, and the judgment is of the same character as any other. (*Ling v. King*, 91 Ill. 571.) While it may be shown that there was no power to enter the appearance

of the defendant or that an execution was issued before the judgment was entered, the record imports verity and cannot be contradicted. (*Knights* v. *Martin*, 155 Ill. 486.) To enter upon an investigation of such questions as when and where the plea was drawn and signed or by whom it was brought to the clerk's office, and whether plaintiff's attorney was such a person as could be authorized to deliver it to the clerk, would be wholly improper. The record recites the entry of the appearance by the attorney for Blake and the confession of the judgment in due and proper form.

The remaining ground for setting aside the judgment is, that the execution of the note with the power of attorney was obtained by fraud. Seymour A. Blake, Oscar Norton and Charles A. Norton were partners doing business under the name of the Bank of Durand. Charles A. Norton was the son of Oscar Norton and son-in-law of Blake, and was the managing partner. When the Bank of Durand was opened, in September, 1891, the appellee loaned said parties, under said name, $4100 to do banking business, and from that time on they were debtors of appellee for money loaned, evidenced by promissory notes and secured by collateral notes supposed to have been made by customers of the Bank of Durand. On September 3, 1897, when the note was made, the Bank of Durand owed appellee $9000, in two notes of $5500 and $3500, respectively, and secured by such collaterals of the face value of about $14,000. Appellee then learned that most of the collateral notes were forged by Charles A. Norton, and its cashier went to Durand to see what could be done towards securing its claim. The note in question in this case was then made by Blake to take up said note of $3500, which was then surrendered to him. He was fully on his guard, and refused to sign the first note drawn because it was due one day after date, but agreed to sign this note, and understood it, with the exception, as he claims, of the warrant of attorney. The alleged ground

of fraud in respect to that is, that he had no glasses and his eyesight was poor, so that he could not read the warrant, which was in fine print, and that when the cashier read the note at his request he did not read it distinctly so that he was able to comprehend that the note was a judgment note.   Without going into details, we are well satisfied with the conclusion of the Appellate Court that there was no fraud in the respect claimed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*