## Arthur Symms, et al., v. City of Chicago.

### Gen. No. 11,260.

1. MASTER'S FEES—*when amount allowed by way of, will not be reviewed.* In the absence of a certificate of evidence showing the testimony upon which the court acted in fixing the master's fees, the presumption will be indulged that the amount fixed is reasonable and just.

2. MASTER'S FEES—*when amount taxed by way of, will not be reviewed.* The action of the court in fixing the fees of a master in chancery, is a matter of discretion, and is not subject to review unless there has been an abuse of such discretion.

3. TAXATION OF COSTS—*when, will not be reviewed.* The taxation of costs by the clerk will not be reviewed unless a motion to retax has been made and determined in the trial court.

4. DISMISSAL OF BILL—*when, improper.* It is error for the court to dismiss a bill merely because the complainant failed to pay the master's fees taxed upon a reference to determine whether the preliminary injunction prayed for among other things should be granted.

Proceeding for injunction. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed July 12, 1904.

**Statement by the Court.** Plaintiffs in error filed their bill in chancery against defendant in error for an injunction to restrain it from bringing suits for penalties against plaintiffs and others similarly situated because of the alleged violation by them of the provisions of a certain ordinance and rules adopted by the commissioner of health of the city, intended to compel plumbers and owners of buildings to use in the construction of buildings an appliance known as the Ryan connection or others similar thereto. A motion for a preliminary injunction was denied for the time being, and the cause was referred to a master " to inquire and state to the court" as to two specific issues of fact; whereupon the master heard testimony and prepared a report.

On March 13, 1903, the master served notice on counsel that he would present his report to the court on March 16, and ask for an order fixing the amount of his fees. On the

latter day he filed a certificate setting forth in detail the services performed by him under the reference, including his report. The certificate showed also the "taking and certifying 2,417 folios of testimony at 15 cents per folio of 100 words, $362.55." An order was entered fixing and allowing the sum of $300 for the services of the master "over and above the sum of $362.55 for taking and certifying" the testimony, and plaintiffs in error were ordered to file the master's report in the clerk's office within twenty days. Upon and by reason of their failure to file the report as ordered, the bill was dismissed and judgment rendered against them for the defendant's costs to be taxed. The clerk taxed the costs as follows:

"Clerk's costs paid by complainants.....$ 10 00
Jamieson, Master, 2,417 folios of testimony
    at 15 cents........................ 362 55
Jamieson, Master, other services as per
    order of court...................... 300 00"

The following errors are assigned:

"1. The Circuit Court erred in entering the order of March 16, 1903, relating to master's fees.

2. The allowance to the master for fees by said order was exorbitant and excessive and contrary to law.

3. That fees were allowed to the master by the court for services not covered or recognized by the statute.

4. The order allowing master's fees is not supported by any evidence in the record.

5. The court erred in dismissing the suit for failure to comply with the order of March 16, 1903.

6. The taxation as costs, of the master's charges for taking and certifying testimony was erroneous."

CHARLES T. FARSON, for plaintiffs in error.

WILLIAM H. SEXTON, for defendant in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.
First. We cannot concur in plaintiffs' contention that

the court erred in fixing the master's compensation "because the allowance is not supported by any evidence in the record." The master as an officer of the court reported to it fully and specifically what services he had performed. So far as the record discloses there was no controversy but that he had performed them; and there is no claim now that he has not. Moreover the court finds that the master "has performed services herein as shown by his certificate of charges filed herein for which he is reasonably and justly entitled to compensation in the sum of $300." This finding rendered it unnecessary to preserve the evidence, if any was needed. Village of Harlem v. R. R. Co., 202 Ill. 301.

It is urged further that the services for which $300 were allowed included items for which no fee was provided by law. What these items are is not pointed out. We have looked into all and are of opinion that the court properly allowed for all under the last paragraph of section 20 of chapter 53 of the Revised Statutes. Whether the total allowance is "exorbitant and excessive" as claimed is a question we cannot decide as the evidence is not before us. In the absence thereof it is to be presumed that the allowance was a reasonable and proper one. The action of the court in this behalf is a matter of discretion and not subject to review unless there has been an abuse of discretion. Ling v. King, 91 Ill. 571.

Second. Although the testimony taken by the master was not filed in court, the clerk taxed the costs for taking it at $362.55; and it is therefore contended that be had nothing before him to enable him to make the computation. If the clerk erred in this regard it was the privilege and the duty of plaintiffs in error to apply to the court for a retaxation of the costs, under section 26 of chapter 33 of the Revised Statutes, relating to costs. Not having done so, a court of review has no power to pass upon the question. Miller v. Adams, 4 Scam. 195.

Third. It remains to be determined whether the court acted correctly in dismissing the bill for failure of plaintiffs to file the master's report as they were ordered to do. The

court had of its own motion directed a reference so that the master might report whether or not a preliminary injunction should issue. It was for the court to select the method which it deemed best fitted to inform it upon the question of issuing the injunction; but the plaintiffs were not bound to go before the master and introduce evidence. They had a right to abandon their application for a temporary injunction if they so desired. This same right they still had after they had introduced evidence and the master had made his report. Their failure to file it did not deprive them of the right to maintain and prosecute their bill, and it was error for the court to dismiss the same.

The decree is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*