## BENJAMIN F. COOPER

### *v.*

## AUGUSTUS TYLER.

1. RESCISSION OF CONTRACT—*of what will authorize a party to treat a contract as rescinded.* Where a vendor of lands executes to his vendee a bond for a deed, in which he agrees to execute a deed to his vendee in sixty days from the date thereof, *without condition*, and receives his note for the remainder of the pur-chase money, with a power of attorney to confess judgment, and at the expiration of sixty days, offers to make a deed, if he will execute a mortgage to secure the unpaid note, which the vendee refuses to do, and the vendor, not having com-plied with the conditions of his bond, afterward obtains judgment by confession on the note, in a foreign county, without notice, such vendee not having exer-cised any right of ownership over the land, nor by any subsequent act committed

himself to a performance on his part:  *Held*, that the vendee had a right to treat the contract as rescinded, and enjoin the collection of the judgment.

2. JURISDICTION IN CHANCERY—*of a defense at law.*  Where the holder of a note, executed with a power of attorney to confess judgment, procured judgment thereon, in a foreign county, without notice to the debtor, the latter will not be precluded from resorting to a court of chancery, although the ground of relief sought in chancery could have been made available in a suit at law, had the debtor had notice thereof.

3. BURDEN OF PROOF—*affirmative allegations, by the defendant in chancery.*  Where the answer to a bill in chancery sets up new matter, not responsive to the bill, the *onus* is upon the defendant to prove the allegations as charged.

4. SPECIFIC PERFORMANCE—*of subsequent incumbrance of land by the vendor.*  If, from the negligence or default of the vendor, the property becomes incumbered by judgments, taxes, forfeitures or otherwise, before the time for conveying the same, or before he offers to perform his contract, he cannot insist upon performance by the other party, until he relieves the title from such subsequent incumbrances.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion fully states the case.

Messrs. SKINNER & MARSH, for the appellant.

Messrs. WHEAT & MARCY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed by Benjamin F. Cooper in the Adams Circuit Court, against Augustus Tyler, to enjoin the collection of a judgment, recovered by the latter against the former, by confession on a power of attorney, in the State of Wisconsin. It appears, that on the 23d of December, 1856, appellee sold to appellant, several tracts of land, situated in Marathon county, in the State of Wisconsin.   He, at the time, gave to appellant a bond for a warranty deed for the same, within sixty days from that date.   Appellant executed his two promissory

notes for the purchase money; one for $920 due on the 15th of March, 1857, in lumber, but it seems to be conceded that three hundred and twenty dollars of this note was not for the purchase money. This note was paid in lumber. The other, was for $2,000, payable on the 1st of September, 1859, with ten per cent. interest.

Afterwards, appellee prepared and offered to deliver the deed, upon the condition that appellant would execute a mortgage on the land, to secure the purchase money, but he declined receiving it on these terms, as no such condition was contained in the contract. Subsequently, in June, 1860, appellee, without any notice to appellant, caused a judgment to be entered by confession, under the power executed at the time of entering into the contract, on the two thousand dollar note, for about $2,712, for principal and interest, in Lafayette county in the State of Wisconsin. After the offer to deliver the deed, by appellee, on the conditions which were refused, it seems that neither party gave any further attention to the lands, and they have been forfeited, or sold, for taxes; nor does it appear that appellant exercised any ownership over them.

At the November term, 1866, of the Adams Circuit Court, appellee commenced suit, and sued out an attachment, against appellant, on that judgment, and had garnishee process served on debtors of appellant, and this bill was exhibited to restrain its collection. The court, on a hearing on the bill, answer, replication, exhibits and proofs, rendered a decree dissolving the injunction, and dismissing the bill. And the cause is brought to this court to review that decree.

It is insisted, in the answer to the bill, that it was a part of the agreement, that appellant was to execute a mortgage on the premises, when the deed should be delivered, to secure the purchase money, and that it was by mistake omitted to be inserted in the bond. Of this, there seems to be no evidence. The attorney who drew the writings, states, that he has no recollection of any such understanding, and appellant,

in his testimony, positively denies, that there was any such agreement. This, being new matter, set up as an excuse for not executing the agreement, as it is embodied in the bond, and not being responsive to the bill, it devolved upon the appellee to prove the allegation. This he has failed to do.

He, also, sets up in his answer, that appellant agreed to pay the taxes on the land, but has equally failed to prove that allegation. It being new matter, it should have been proved by him. And appellant states in his evidence that no such agreement was ever made. The rule is familiar, that the vendor is bound to convey the title to the land which he sells and covenants for in his obligation. And, if from his negligence, or default, the property becomes incumbered by judgments, taxes, forfeiture, or otherwise, before the time for conveying the same, or before he offers to perform his contract, he cannot insist upon performance by the other party, until he relieves the title from the incumbrance. If, in this case, the title has been lost, or the property incumbered, before a performance, or an offer to perform, or before a rescission of the contract, then appellee had no right, either in law or equity, to enforce the contract against appellant.

Appellee bound himself to execute and deliver a deed, within sixty days, for the lands, without any conditions imposed upon appellant. He never has, so far as this record discloses, offered to deliver the deed, without imposing terms not contained in the contract. He had no right to require the execution of a mortgage, and the offer to deliver, on those terms only, was outside of the contract, and appellant had a right to refuse to receive the deed, on the terms required. He had a right to insist upon the contract as it was made, and when the appellee refused to execute it according to its terms, appellant was at liberty to treat the contract as rescinded. No other offer of a deed seems ever to have been made, and with the unauthorized terms which were imposed, it was the same as if an offer had never been made. And, from all the

evidence in the case, we are impelled to the conclusion, that appellant abandoned the contract, and never did any act subsequently, by which he became liable for its performance.

Having failed to perform his part of the contract, it was the duty of appellee to keep down the taxes and preserve the title to the land. Had he done this, and offered to perform the contract on his part, before being notified of a rescission by appellee, he might, no doubt, have made a proper tender, even after the time limited, had expired, but he has wholly failed, and equity will not now require appellant to receive an incumbered, if not a doubtful, title, after such a length of time, without any default on his part. So far as we can see, appellant did all he was required to do under the contract, until appellee had performed his part of the agreement.

It is, however, insisted, that the defense should have been interposed to the recovery of the judgment on the note, and cannot be interposed in equity. It is a sufficient reply to say, that appellant had no notice of the intended confession of judgment. Nor do we see that he was guilty of any negligence in not knowing the fact, as the judgment was not taken in the court of either the county of the residence of appellant, or of appellee, but in another, and distant, county. Appellant was only required to use ordinary diligence to made his defense at law. He was not bound to employ agents, in every county in the State, to see that the suit was commenced. Had he been served with notice, then he would have been bound by his default, in not defending at law, unless he could have shown a satisfactory reason for failing to do so, in such a proceeding. But to hold, that because a judgment by confession has been obtained, without notice, and where the facts all seem to show that notice was not desired, or intended, on a note having neither legal nor equitable merits, that the defendant is estopped to show that the claim is unjust, would be a perversion of the plainest dictates of justice, and the principles of equity. To permit the enforcement of the judgment in the

action at law, would be inequitable and unjust. We think appellant has shown such a state of facts as entitles him to an injunction; and the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*