## ARTHUR DYER

*v.*

## EZRA DAY *et al.*

1. EJECTMENT—*fraud as a defense.* A and his wife conveyed to B a tract of land, which the latter afterwards conveyed to C. A still remaining in possession of the land, C brought an action of ejectment against him. The defendant offered to show, in defense, that the deed from him and his wife to B was made in consideration of a conveyance to him by B of a tract of land in Missouri, and that B had made fraudulent representations as to the character and value of such land, to which the plaintiff was a party: *Held*, that, while if the fraud, as claimed, had been practiced, it would afford good ground for asking a court of equity to rescind the contract and direct mutual reconveyances, yet it could not be received as a defense to the action, as in ejectment the legal title must prevail, and the deeds showed a legal title in the plaintiff, and the alleged fraud went to the consideration, merely, and not to the execution of the deed.

2. Nor could it avail the defendant that he had induced his wife to sign the deed, relinquishing her homestead right in the land, by leading her to suppose the instrument was a mortgage to secure the payment of $200, even if the grantee in the deed and the plaintiff were both cognizant of such fraudulent representation; for the action was brought against the husband alone, and he could not be permitted to set up his own fraudulent statements to his wife to defeat a recovery.

3. The remedy of the wife could only be sought in a proceeding to which she, herself, is a party, and in which the relief could be adjusted on equitable grounds. And should the property be worth more than $1000—as her claim could amount only to that sum in any event—the respective rights of the parties could be settled only in chancery.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

Mr. C. J. METZNER, for the appellant.

Messrs. PARKS & ANNIS, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment in which the plaintiff claimed under a deed executed by the defendant and his wife to one Bradley, and a deed from Bradley to himself. The defense set up was, that the deed from the defendant was made in consideration of a conveyance by Bradley to him of a tract of land in Missouri, and that Bradley had made fraudulent representations as to the character and value of said land, to which the plaintiff was a party. The court excluded the evidence.

In this, the court did not err. The deeds showed a legal title in the plaintiff. If the fraud alleged had been practiced, it would furnish good ground for asking a court to rescind the contract and direct mutual reconveyances, but can not be received as a defense in this action. In ejectment, the legal title must prevail. The alleged fraud goes to the consideration, merely, and not to the execution, of the deed. The grounds for avoiding the contract are of equitable cognizance, and only on that side of the court can complete justice be administered in a case of this character.

What we have said applies also to the proof in regard to the acknowledgment of the wife relinquishing the homestead. It is said she was led by her husband to suppose the instrument was a mortgage to secure $200. There was no proof that the plaintiff was privy to the fraud. But even if Bradley and the plaintiff were both cognizant of the alleged fraudulent representation, it is to be remembered that this is a suit against Day alone, and he can not be permitted to set up his

22—61ST ILL.

own fraudulent statements to his wife to defeat a recovery. If her homestead rights are to be prejudiced, she can file her bill in chancery and the court can give her such protection as the equity of her case may require. It is admitted that she knew she was relinquishing her homestead, but it is claimed she thought the instrument was a mortgage. Admitting that she was deceived, and that Bradley and the plaintiff were cognizant of the deception, still, her remedy must be sought in a proceeding to which she is, herself, a party, and in which the relief can be adjusted on equitable grounds. Should the property be worth more than $1000—as her claim could amount only to that sum in any event—the respective rights of the parties could be settled only ·in chancery.

*Judgment affirmed.*