M. C. CAMPBELL *et al.*

*v.*

LEROY A. GODDARD.

*Filed at Mt. Vernon June 12, 1886.*

| 117 | 251 |
| 123 | 220 |
| 117 | 251 |
| 151 | 624 |
| 45a | 327 |
| 117 | 251 |
| 162 | 42 |
| 117 | 251 |
| 61a | 220 |
| 117 | 251 |
| 69a | 540 |
| 117 | 251 |
| 85a | 234 |

1. CONFESSION OF JUDGMENT—*on warrant of attorney—power strictly construed,* The doctrine is well settled that a power to confess a judgment must be clearly given and strictly pursued, or the judgment will not be sustained.

2. SAME—*as to attorney's fee—power construed.* A warrant of attorney to confess judgment included in a note, empowered any attorney at law of the State to appear before any court of record, in term time or in vacation, and confess judgment for the sum therein mentioned, "and a reasonable attorney's fee," and to release all errors, etc.: *Held,* that the warrant should be construed as conferring upon the court the power of determining the reasonableness of the fee, and when the attorney signed a *cognovit* acknowledging judgment for the sum due, with an attorney's fee of $125, he acted without authority in fixing the amount of such fee.

3. SAME—*confession in vacation—powers of clerk.* The clerk of a court of record having no judicial powers, is not authorized, in entering up a judg-

ment by confession in vacation, to hear evidence and determine what is a reasonable attorney's fee. In fixing the amount of the judgment he can only look at the *cognovit,* and enter judgment for the amount there confessed.

4. SAME—*control of the court over judgment confessed in vacation.* Where a judgment entered in vacation, upon confession of an attorney under a power, is for too great a sum, or includes a sum as an atttorney's fee which is not proper, the court at the next term should, on motion of the defendant therein, modify or set aside the judgment to the extent of such improper sum.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Williamson county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. CLEMENS & WARDER, for the appellants:

In judgments by confession, it is well settled that the authority to confess must be clear and explicit, and must be strictly pursued. *Follansbee* v. *Mortgage Co.* 5 Bradw. 22; *Fry* v. *Jones,* 78 Ill. 632; *Chase* v. *Dana,* 44 id. 264; *Tucker* v. *Gill,* 61 id. 238; *Keith* v. *Kellogg,* 97 id. 151; *Augustine* v. *Doud,* 1 Bradw. 593.

No evidence was or could be heard by the clerk in vacation, he being no judicial officer. *Roundy* v. *Hunt,* 24 Ill. 598; *Tucker* v. *Gill,* 61 id. 238; *Durham* v. *Brown,* 24 id. 94.

The 66th section of the Practice act authorizes the confession of judgments "for a debt *bona fide* due." In *Soles* v. *Sheppard,* 99 Ill. 620, it is held these provisions for an attorney's fee can not be upheld as a gratuity, for want of a consideration, nor as a cover for usury; but to be binding they must be treated as an indemnity. If treated as an indemnity, the contingent loss to the party indemnified must be charged in the declaration and shown by proof. *Roundy* v. *Hunt, supra; Israel* v. *Reynolds,* 11 Ill. 218; *Follansbee* v. *Mortgage Co.* 5 Bradw. 22.

The plaintiff in this case does not claim in his declaration that he was at the expense of counsel about confessing said judgment, nor what, if anything, he ever paid for services of

counsel.   In such case no recovery for an attorney's fee can be had.   *Augustine* v. *Doud,* 1 Bradw. 593 ; *Breese* v. *Becker,* 51 Ill. 82.

Mr. W. W. BARR, and Mr. G. W. YOUNG, for the appellee :

A judgment by confession before the clerk, in vacation, will be presumed to be regular, and it devolves on the party seeking to set it aside to allege and prove facts impeaching its validity.   *Thomas* v. *Mueller,* 106 Ill. 37.

The warrant of attorney authorizing the confession of a reasonable sum as attorney's fees, the plaintiffs in error can not rightfully ask that the judgment be reduced.   The most they could do would be to allege that the fee confessed was unreasonable, and ask leave to defend as to such claim. The defendant must show that he has a meritorious defence. *Hempstead* v. *Humphrey,* 38 Ill. 90.

As to the amount of the attorney's fee, or its reasonableness, no proof could be offered before the clerk.   He must enter the judgment for the amount confessed, or not at all. (*Durham* v. *Brown,* 24 Ill. 93.)   When the judgment is so entered, if the power in the warrant is pursued, it can only be attacked for fraud, or at least an equitable defence must be shown, or some equitable reason shown why the judgment should not be vacated or modified.   *Keith* v. *Kellogg,* 97 Ill. 147 ; *Condon* v. *Bessee,* 86 id. 159 ; *Campbell* v. *Goddard,* 17 Bradw. 582.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court :

On April 4, 1885, a judgment by confession was entered, in vacation, before the clerk, in the circuit court of Williamson county, in favor of appellee and against appellants, for $4651.10, and costs, including an attorney's fee of $125. Afterwards, at the May term, 1885, appellants made a motion to set aside or modify the judgment, as to the attorney's fee, embraced in it.   This motion was overruled on June 17,

1885, and the decision of the circuit court, overruling it, was, on appeal to the Appellate Court for the Fourth District, affirmed by that court at the August term, 1885. Appellants prosecute their further appeal to this court.

The judgment was rendered upon two notes, one for $3000 and one for $1461.85. The phraseology of the warrants of attorney is the same. in both notes. They differ only in amounts, dates and times of payment. One of the notes and warrants of attorney, upon which the judgment was confessed, is in the words and figures following, to-wit: .

"$3000. Thirty days after date, we or either of us promise to pay to the order of L. A. Goddard the sum of $3000, and to secure the payment of said amount, we hereby authorize and empower any attorney at law of the State of Illinois to appear before any court of record, in term time or in vacation, at any time hereafter, and confess judgment for the above mentioned sum, and eight per cent from maturity, and a reasonable attorney's fee, and to release all errors and waive all proceedings in the nature of a stay of execution, appeal, or petition in error. The endorsers, signers and guarantors, severally, waive presentation for payment, protest, and notice for protest, and notice of non-payment of this note, and diligence in bringing suit against any party to this note, and sureties agree that time of payment may be extended without notice or other consent.

"In witness whereof we have hereunto subscribed our names and affixed our seals, this 22d day of December, A. D. 1884.

O. S. TIPPY,       [Seal.]

Z. HUDGENS,       [Seal.]

M. C. CAMPBELL.   [Seal.] "

The objection, urged against the judgment in this case, arises out of the use of the words, "and a reasonable attor-- ney's fee," in the foregoing instrument. We have held, that a judgment by confession may include an attorney's fee, where the amount of the fee is fixed by the warrant of attorney,

which authorizes it to be so included. (*Ball* v. *Miller*, 38 Ill. 110.) In this case, however, a fee is authorized, the amount of which is not fixed by the warrant of attorney. The question arises, how and by whom the reasonableness of the fee is to be determined.

The declaration makes no allegation, that any particular amount would be a reasonable fee. The *cognovit*, however, recites, that "the defendants, by their attorney, waive service of process, and confess, that   *  *  *   the plaintiff, on occasion of the non-performance of the several promises, in the declaration mentioned, including the sum of $125 for his reasonable attorney's fees, in this behalf, has sustained damages to the amount of $4651.10, and costs, etc., and the defendants agree, that judgment may be entered   *  *  *   for that amount," etc. The clerk, thereupon, entered judgment upon the record for the amount of debt, attorney's fees, and costs, so confessed in the *cognovit*.

It thus appears, that the amount of the fee was fixed and its reasonableness decided upon by the attorney, confessing the judgment. Was this mode of determining it authorized by the power of attorney?

In *Frye et al.* v. *Jones*, 78 Ill. 632, we said: "The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued." In *Keith et al.* v. *Kellogg et al.* 97 Ill. 147, we, again, said: "The doctrine is well settled and has often been recognized by this court, that the power to confess a judgment must be clearly given and strictly pursued, or the judgment will not be sustained." If it were a fair matter of doubt, whether the power to fix a reasonable fee, in this case, was conferred upon the court, which should render the judgment, or upon the attorney, who should confess it, that doubt, under the rule of strict construction, laid down in the authorities cited, should be solved, in favor of the court, and not of the attorney, as the donee of the power. These judgment notes are often given by debtors, when their

obligations are pressing upon them, and when they are unable to resist any conditions, however exacting, that may be imposed upon them. It is, also, true, in fact and as a matter of practice, whatever the theory may be, that the attorney, signing the *cognovit,* is generally selected, not by the debtor, but by the holder of the note. To give such an attorney the power of fixing whatever fee he should consider reasonable, and adding it into the judgment confessed, would be to place the debtor too much at the mercy of his creditor.

We think, that the warrant of attorney, above set forth, is to be fairly construed, as conferring upon the court the power of determining the reasonableness of the fee. The attorney is authorized to appear before a "court of record," and confess judgment for such a fee, as that court may decide to be reasonable. In order to decide correctly, it may be necessary to hear evidence and draw conclusions therefrom. This is preëminently the business of a court, acting as such. Inasmuch, therefore, as it was the intention of the makers of the warrant of attorney to give to a judicial tribunal the right to fix the fee, to be taxed against them, it is clear, that the attorney, who signed the *cognovit,* exceeded his authority, or, rather, acted without authority, in first determining upon $125, as a reasonable fee, and then confessing judgment for that amount.

It is to be noted, that the judgment was not rendered in term time, but was entered up upon the record by the clerk in vacation. Hence, it can not be assumed, that any proof was introduced or heard, as to the reasonableness of the fee. The clerk, not possessing judicial power, had no authority to determine that question. He acts only as a ministerial officer. The plea of *cognovit actionem* was indispensable to his authority to make the entry of judgment. He could not determine the amount from evidence. He could only look to the *cognovit,* and enter judgment for the amount there confessed. (*Tucker* v. *Gill,* 61 Ill. 236.) As the amount there confessed, so far as the attorney's fee, embraced in it, was con-

cerned, was not determined in accordance with the authority conferred by the warrant of attorney, nor in the mode there designated, it necessarily follows, that the judgment was, to that extent, wrong, and should have been set aside or modified.

The judgments of the Appellate and circuit courts are reversed, and the cause remanded to the circuit court for further proceedings, in accordance with this opinion.

*Judgment reversed.*