## M. C. CAMPBELL *et al.*

*v.*

## LEROY A. GODDARD.

*Filed at Mt. Vernon November 8, 1887.*

JUDGMENT BY CONFESSION—*including attorney's fee.* A power of attorney authorizing any attorney-at-law to appear before any court of record, in term time or in vacation, and confess judgment for the amount of a promissory note, and the interest thereon, and for a "reasonable attorney's fee," will not authorize the amount of the attorney's fee to be fixed by the attorney himself. The warrant should be construed as conferring upon the court the power of determining the reasonableness of the fee.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Williamson county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. CLEMENS & WARDER, for the appellants.

Mr. W. W. BARR, and Mr. G. W. YOUNG, for the appellee.

Per CURIAM: At the May term of the circuit court of Williamson county, 1885, appellants moved the court to vacate or modify a judgment against them, entered by confession upon warrant of attorney before the clerk of said court in vacation. The motion was overruled by the circuit court and judgment rendered against appellants for costs. An appeal was prosecuted to the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed. The case is brought here by the further appeal of the defendants below.

The judgment was confessed for the sum of $1390.80, being for the amount of a promissory note mentioned in the warrant of attorney, and interest thereon, and an attorney's fee of $25.

This case is in all essential particulars, except as to parties and amounts, precisely like the case of *Campbell et al.* v. *Goddard,* determined by this court, and reported in 117 Ill. 251.

Here, as in that case, the warrant of attorney authorized and empowered any attorney at law to appear in any court of record, in term time or in vacation, and confess judgment for the amount of the note mentioned, and eight per cent interest from maturity thereon, and "a reasonable attorney's fee," etc. The declaration contains no allegation of what would be a reasonable fee. The *cognovit* filed, includes in the amount for which judgment was confessed, an attorney's fee of $25, the attorney entering said judgment having fixed the amount of such attorney's fee, in his discretion. This record therefore presents the same questions determined in the case referred to, and should be decided the same way.

For the reasons set forth in the opinion in that case, the judgments of the Appellate and circuit courts are reversed, and the cause remanded to the circuit court for further proceedings.

*Judgment reversed.*