## John Funk v. Harry L. Hossack and Henry L. Hossack, partners, etc.

### Gen. No. 4,399.

1. JUDGMENT BY CONFESSION—*when, should be opened.* Where it is made to appear that a note upon which such judgment has been taken by confession was executed in the belief that some other document, not a note, was actually being signed, leave to plead should be allowed upon due application.

Motion to open judgment entered by confession. Appeal from the County Court of La Salle County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the April term, 1904. Reversed and remanded. Opinion filed August 24, 1904.

FOWLER BROS., for appellant.

U. B. WEEKS, GEORGE V. B. WEEKS and McDOUGALL & CHAPMAN, for appellees.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

At the November term, 1903, of the County Court of La Salle county, appellees procured a judgment to be entered by confession upon a note, with power of attorney attached, against appellant, John Funk, and others. On the same day the judgment was entered appellant filed a motion to open it, stay execution, and for leave to plead to the merits. The court denied the motion and John Funk appeals. The motion is supported by the affidavits of appellant, C. B. Stilwell, and Chase Fowler, who acted as attorney for appellant. These affidavits are very clumsily and unskillfully drawn, but we think they substantially allege that appellant did not intend to sign the note upon which the judgment was taken, and did not know he had signed it until some time afterwards, and that his signature to it was procured by a trick and fraud of one of appellees. The substance of the affidavit relating to the signing of the note is as follows: The McCormick Harvesting Machine Co. appears to have held certain notes against one E. S. Mallary. It was desired to secure the signature of appellant to these notes and for that purpose a meeting of H. L. Hossack, C. B. Stilwell and E. S. Mallary with appellant, was held at the office of his lawyer, Chase Fowler. It was then agreed that if Mallary would give appellant a note for an amount equal to the notes of the McCormick Harvesting Machine Co., three in number, and secure the same by a chattel mortgage, appellant would sign the notes. Afterwards (how long is not stated) appellant was notified by his lawyer that Mallary had executed the note and mortgage and subsequently Hossack called at appellant's house and told him he had been informed by Fowler that Mallary had made the note and mortgage and that he had brought the notes to appellant for his signature. Appellant swears he supposed they were the McCormick Harvesting Machine Co. notes talked about at Fowler's office and which he there agreed to sign; that the note upon which judgment was taken was not one of those notes, and that he had never promised nor agreed to

sign it and that his signature to it was procured "by the
fraudulent and clandestine misrepresentations of the plaint-
iff, H. L. Hossack." He further states that Hossack pro-
duced the notes one at a time, and as soon as he would sign
one, Hossack would pick it up from the table and produce
another, so that he was, as he claims, unable to discover
the mistake in signing the note sued on, while intending to
and believing he was only signing the McCormick Harvest-
ing Machine Co. notes. The note sued on, as appears
from the record, was dated May 15, 1902. The signa-
ture of appellant was obtained to it after October 6 of
the same year. It was payable to H. L. Hossack & Son,
appellees. The affidavit of appellant, in addition to stat-
ing that he had never promised nor agreed to sign it, stated
that there was no consideration for his signing the note.
Stilwell's affidavit as to the meeting in Fowler's office and
the agreement of appellant to sign the McCormick Har-
vesting Machine Co. notes is the same in substance as ap-
pellant's. He also states that after leaving Fowler's office
Hossack stated to him, Stilwell, "that he had forgotten to
say anything about his note, whereupon affiant requested
him not to say anything about his note or he might upset
the whole deal." Fowler's affidavit corroborated appellant
and Stilwell as to the meeting and agreement in his office.

We repeat that these affidavits are bunglingly drawn.
Instead of being clear and direct statements of appellant's
proposed defense, they leave much to be supplied by infer-
ence and construction. We take it, however, that it ap-
pears from the affidavits that appellant's defense is that
appellees were interested in getting security on Mallary's
notes to the McCormick Harvesting Machine Co., and for
that purpose he and Stilwell, whom we infer was also in-
terested in the same thing, met appellant at Fowler's office
where an agreement was made with appellant to sign the
McCormick Harvesting Machine Co. notes which were there
produced. It appears also that at the time of this meeting
and agreement, appellees held the note of E. S. Mallary,
which is the one sued on in this case, and that it was not

mentioned nor spoken of at the time, and that when one of appellees, after appellant had been notified that Mallary had given the note and mortgage, went to appellant to get his signature to the McCormick Harvesting Machine Co. notes, he clandestinely and surreptitiously produced the note his firm held against Mallary, and thereby deceived appellant and procured him to sign said note. We take the affidavit of appellant to mean that the note sued on was not given for any indebtedness of his; that he was liable for no part thereof, and that he was induced to sign it without reading it, although his affidavit does not directly say this. We also understand from the affidavit that Mallary and Sampson, whose names appear to the note above that of appellant, were not present when the note was signed, but that they had signed the note long prior to the time appellant signed it, although these things are not directly stated in the affidavit.

We are of opinion the court should have allowed appellant's motion. Condon v. Besse, 86 Ill. 159. The judgment is therefore reversed and the cause remanded with directions to allow the motion to reopen the judgment and for leave to plead to the merits.

*Reversed and remanded.*