## John Barron v. F. R. Kimball.

### Gen. No. 11,902.

1. POWER OF ATTORNEY TO CONFESS JUDGMENT—*effect of joint.* A joint power of attorney does not authorize or warrant a judgment against one only.

2. POWER TO CONFESS JUDGMENT—*when joint.* A power of attorney to confess judgment contained in a lease made to a man and his wife which appointed an attorney for "him" to enter "his" appearance, etc., is nevertheless to be construed as a joint power and the word "him" read as "them" and the word "his" as "their."

Judgment by confession. Error to the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed January 30, 1906.

NICHOLAS BRISTOW, for plaintiff in error.

DAVID K. TONE and CAMERON & MATSON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This is a writ of error to the Circuit Court to reverse a judgment of that court against plaintiff in error entered by confession under a warrant of attorney and an order overruling the motion of plaintiff in error to vacate said judgment.

A lease in writing from Sarah E. Tillinghast to John Barron and Mrs. F. A. Barron, his wife, was duly executed by the parties. It contains the following warrant of attorney to confess judgment:

"The party of the second part hereby irrevocably constitutes ................, or any attorney of any Court of Record of this state, attorney for him in his name, on default by him of any of the covenants herein, and upon complaint made by said first party, his agent or assigns, and filed in any such court, to enter his appearance in any such Court of Record, waive process and service thereof, and trial by jury, and confess judgment against him in favor of said party of the first part, or * * * assigns, for forcible detainer of said premises with costs of said suit; and also to enter his appearance in such court, waive process and service thereof, and confess judgment from time to time, for any rent which may be due to said party of the first part, or the assignees of said party, by the terms of this lease, with costs and twenty dollars attorney's fees, and to waive all errors and all right of appeal from said judgment and judgments, and to file a consent in writing that a writ of restitution or other proper writ of execution may be issued immediately, said party of the second part hereby expressly waiving all right of any notice or demand under any statute of this State, relating to forcible entry and detainer."

The declaration was against both lessees as defendants. With it was filed the following *cognovit:*

"And the said John Barron and F. A. Barron, defendants in the above entitled suit, by William S. Hefferan, attorney, come and defend the wrong and injury, when, etc., and waive service of process, and say that they can not deny the action of the said plaintiff; nor but that they, the said defendants, owe and are indebted to the said plaintiff in manner and form as the said plaintiff hath above complained against them; nor but that the said plaintiff has sustained damages on occasion of the non-performance of the several agreements and undertakings in the said declaration mentioned, including the sum of Twenty ($20) dollars, for his reasonable attorney's fees for entering up this judgment, over and above his other costs and charges by him about his suit in this behalf expended to the amount of Three thousand, six hundred sixty dollars ($3660.00) no cents; and the said defendants further agree that no writ of error or appeal shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity filed to interfere in any manner with the operation of said judgment, and that they hereby release all errors that may intervene in entering up the same, or issuing the execution thereon, and consent to immediate execution upon such judgment.

WILLIAM S. HEFFERAN,
Defendants' Attorney."

Upon the filing of the declaration, warrant of attorney and *cognovit*, the court entered judgment against John Barron alone for $3,640 and costs. At the same term John Barron moved that the judgment be set aside on the ground, among others, that the warrant of attorney did not authorize the court to enter judgment against him alone, and his motion was overruled.

The decision in this case turns upon the question whether the warrant of attorney is joint or whether it may be regarded as the warrant of attorney of John Barron, to confess judgment against him alone. A joint power of attorney to confess judgment does not authorize or warrant a judgment against one only. Mayer v. Pick, 192 Ill., 561, and cases there cited.

The lease is joint. It begins with the statement that it

is between "Mrs. Sarah E. Tillinghast, party of the first part, and John Barron and Mrs. F. A. Barron, his wife, party of the second part," and the covenants on the part of the lessees are joint covenants.    By the terms of the warrant of attorney, "the party of the second part" constitutes any attorney of any court of record of Illinois attorney for *him,* in *his* name, on default by *him,* to enter his appearance, etc., and confess judgment for any rent which may be due on the lease.    "The party of the second" part were John Barron and Mrs. F. A. Barron, his wife, and the warrant of attorney was therefore made and executed by both lessees. The action was against both lessees and the declaration alleges that the rent sued for was due and payable from the defendants to the plaintiff.    The warrant of attorney was treated as joint, for the *cognovit* was in the name of both defendants and was a confession. by both defendants, of the action.

It is true the warrant of attorney, although contained in the lease which was executed by both defendants, in terms constitutes the attorney thereby appointed an attorney for *him* to enter *his* appearance, etc., etc., but, we think, that insertion of the words *his* and *him* in the warrant of attorney was a mere verbal or clerical mistake; that the intention of the parties, as shown by the entire instrument, was to authorize such attorney to enter the appearance of both lessees and confess a judgment against both and that the words "his" and "him" were used in the warrant of attorney by mistake for the words "their" and "them," and that the words "his" and "him" where used in the warrant of attorney must be construed to extend and be applied to both defendants.    This is, as we have seen, the construction given to the warrant of attorney by the plaintiff, by making both lessees defendants to the action and by filing with his declaration a written confession of the action by both defendants.

The general rule that errors in a judgment by confession are waived where, as in this case, the warrant of attorney gives power to release errors and they are in terms released by the *cognovit,* has no application to the question under

discussion. The Circuit Court, in effect, held that the *cognovit,* although in terms a confession of the action by both defendants, authorized a judgment against John Barron alone. The case for the defendant in error is certainly no stronger than it would be if the *cognovit* had been by and in the name of John Barron alone. If the warrant of attorney cannot be held to authorize the attorney to confess and the court to enter a judgment against John Barron alone, it cannot be held to authorize the attorney to release the error of entering the judgment without authority. If under it, the judgment was not authorized, the release of errors was without authority.

We think that the warrant of attorney did not give to the court power or authority to enter judgment against the plaintiff in error alone; that the Circuit Court erred in entering judgment against him alone and in overruling his motion to set aside the judgment.

The judgment and order of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*