Michaud v. Phillippi.

## Joseph Michaud v. Jennie Phillippi.

### Gen. No. 12,622.

1. JUDGMENT BY CONFESSION—*what not subject to review upon appeal from.* The orders of the court entered subsequent to the order of judgment are not subject to review.

Judgment by confession. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed October 9, 1906.

FRANK L. BRADY, for appellant.

DALE & FRANCIS, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment by confession entered in the Superior Court on January 17, 1905, upon a *narr* and *cognovit* for rent due on a written lease of the premises known as No. 94 Custom House place in the city of Chicago. The power of attorney to confess the judgment is contained in the lease, and is in the usual form. It authorized the waiving and releasing of all errors which may intervene in the proceedings for judgment. The *cognovit* following the power of attorney released all errors and waived an appeal from the judgment.

Appellant, on January 23, 1903, moved the court to set aside the judgment on two grounds: first, that the amount sued for in the declaration was $225 and the judgment entered was for $236.25 and in excess of the amount sued for; and second, that the premises were being used by appellant for immoral purposes, and were rented by appellee to appellant to be used for immoral purposes.

Evidence was introduced by appellant on the hearing of the motion tending to sustain both grounds. Counsel for appellee conceded on the hearing that appellee knew for what purpose the premises were used. Appellee remitted the sum of $11.25 from the judgment. The court overruled the motion to vacate the judgment, and thereupon appellant prayed an appeal from the judgment and subsequently perfected the appeal by filing his appeal bond, which recites the appeal from the judgment. The orders of court entered subsequent to the order of judgment are not appealed from and are not before this court for review. Millard v. Harris, Ex., 119 Ill. 185.

This appeal brings the judgment record only before

Chicago City Ry. Co. v. Foster.

us. The errors assigned call in question the amount of the original judgment, as being in excess of the *ad damnum,* and the action of the court in permitting appellee to enter a *remittitur.* That the court properly permitted ' the *remittitur* to be entered, cannot be doubted. Campbell v. Goddard, 117 Ill. 251. Appellant suffered no harm thereby. Where errors are released in the *cognovit* pursuant to powers given in the power of attorney, a judgment upon confession stands self-sufficient and free from error. Elwell v. Fosdick, 134 U. S. 500.

Finding no material error in the record, the judgment is affirmed.

*Affirmed.*