SECOND DISTRICT—OCTOBER, 1913. 49

Karcher v. Citizens State Bank of Herscher et al., 183 Ill. App. 49.

consistent with the policy of our law or with the proper construction of written contracts.

The judgment is affirmed.

*Affirmed.*

---

**Philip Karcher, Appellant, v. Citizens State Bank of Herscher and Dan G. Lee, Appellees.**

**Gen. No. 5,797. (Not to be reported in full.)**

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1913. Reversed and remanded. Opinion filed October 17, 1913.

### Statement of the Case.

Bill filed by Philip Karcher against the Citizens State Bank of Herscher, and Dan G. Lee, sheriff of Kankakee county, to vacate a judgment entered by confession on a demand judgment note made by complainant and to enjoin a threatened sale of complainant's property. From a decree dismissing complainant's bill for want of equity, complainant appeals.

A. L. GRANGER and W. R. HUNTER, for appellant.

SMALL & MERRILL, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 62*—*when bill avers grounds for vacating judgment by confession.* Bill to vacate a judgment by confession on a demand judgment note and to enjoin a sale of complainant's prop-

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

erty, *held* to state grounds for equitable relief where it avers that complainant had forgotten about the note, but believes that it never represented an actual indebtedness, and if it did it was long ago paid, and avers that payee failed to disclose the indebtedness.

2. EQUITY, § 135*—*right to plead ultimate facts.* Though the rule is that facts, not conclusions of law and fact, should be pleaded, it is sufficient to plead ultimate facts.

---

## Julia Strehlow, Appellee, v. Aetna Life Insurance Company, Appellant.

### Gen. No. 5,809.

INSURANCE, § 667*—*sufficiency of evidence as to cause of death.* In an action on an insurance policy payable to beneficiary of insured in case of his death "resulting directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means," a verdict of the jury on conflicting evidence finding that deceased died of diabetes caused by an accidental injury, *held* sustained by the evidence.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 17, 1913.

EVANS & EVANS, for appellant.

STEVENS, MILLER & ELLIOTT and QUINN, QUINN & McGRATH, for appellee.

Mr. JUSTICE CARNES delivered the opinion of the court.

On the night of June 5, 1911, Robert Strehlow was awakened from his sleep by a cry of fire, and saw through his window the house of a neighbor burning. He sprang out of bed, partially dressed and started for the fire. On his way he ran against a large iron kettle, fell over it bruising his abdomen and lower