### Isadore B. Simco, Defendant in Error, v. Morris M. Mankowitz, Plaintiff in Error.

### Gen. No. 18,771. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Rehearing allowed November 18, 1913. Opinion on rehearing filed January 13, 1914.

## Statement of the Case.

Motion presented by Morris M. Mankowitz to the Municipal Court to vacate a judgment of confession entered in that court against Morris M. Mankowitz and in favor of Isadore B. Simco on a judgment note, and for leave to defend against the action. The motion was presented more than two months after the entry of the judgment and was based on a petition supported by affidavit. From an order denying the motion, Morris M. Mankowitz brings error.

EVERETT JENNINGS, HARRY L. STROHM and JENNINGS & FIFER, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*jurisdiction to vacate confessed judgment on petition.* Under section 21 of the Municipal Court Act, J. & A. ¶ 3333, that court has power after thirty days from the entry of a confessed judgment to vacate it on petition setting forth facts which would be sufficient to cause the same to be vacated in a court of equity.

2. JUDGMENT, § 62*—*when petition to open judgment by confession states equitable grounds.* A petition supported by an affidavit and stating grounds for a motion to vacate a judgment entered by confession on a judgment note and for leave to plead to the merits and defend the action, *held* to state facts showing petitioner entitled to equitable relief, the petition showing that the judgment note was given as part of the purchase price of an automobile, that the seller misrepresented the condition of the automobile and that the note was indorsed to the holder with knowledge of the warranty.