E. T. GUNDLACH v. LOUIS M. PARK.[1]

No. 20,663.

January 4, 1918.

**Confession of judgment — warrant of attorney — defences against foreign judgment — want of consideration.**

A judgment was entered in the municipal court of Chicago, Illinois, by confession under a warrant of attorney appended to two promissory notes, executed in Illinois by defendant, who then was and ever since has been a resident of this state. It is *held*:

(1) The attorney, in the cognovit, exceeded the authority of the warrant by stipulating that no bill in equity should be filed to interfere in any manner with the operation of the judgment. This was a substantial departure from the authority given; and, appearing upon the face of the record evidencing the judgment, vitiates the same.

(2) The defense, that the promissory notes, upon which the judgment was rendered, were obtained by fraud, being litigated by consent, the court erroneously ruled that want of consideration had no bearing upon the determination of that issue and that there was not sufficient evidence to go to the jury.

(3) Since the courts of Illinois freely open judgments obtained by confession to allow a defense on the merits, and entertain bills in equity to

[1]Reported in 165 N. W. 969, 167 N. W. 302.

vacate and enjoin the enforcement of domestic judgments of that sort, and also permit a citizen of that state, when sued therein upon such a judgment obtained in a sister state, to proceed by bill in equity to vacate and restrain the enforcement of the judgment on the ground that the note, upon which it was based, was obtained by means of duress or fraud and was without consideration; likewise to a citizen of this state, when here sued upon a like judgment obtained in Illinois, the defense is available that the judgment note was obtained by fraud and was without consideration, and appropriate equitable relief should be granted.

Action in the district court for Hennepin county to recover $1,005.23 upon a judgment recovered in the municipal court of Chicago, February 14, 1916. In the third paragraph of the opinion will be found the defenses set up in the answer. The case was tried before Fish, J., who granted plaintiff's motion for a directed verdict for $761.83. From an order denying his motion for a new trial, defendant appealed. Reversed.

*James D. Shearer* and *L. B. Byard,* for appellant.

*Adams, Follansbee, Hawley & Shorey, Brown & Guesmer* and *Edwin C. Brown,* for respondent.

HOLT, J.

A verdict was directed in favor of plaintiff and defendant appeals from the order denying a new trial.

The suit is upon a judgment entered by confession, under a warrant of attorney, in the municipal court of Chicago, Illinois. The exemplified record from that court shows the judgment to be based upon two promissory notes, dated September 5, 1914, at Chicago, executed by defendant, payable to the order of plaintiff, the one being for $600 and the other for $273. Subjoined to each note is a power or warrant authorizing any attorney of any court of record to appear for defendant, and confess judgment without process in favor of the holder of the note, and to waive and release all errors which may intervene in any such proceeding, and consent to immediate execution. The defendant for many years had been and now is a resident of this state.

The defenses pleaded were: (a) The Chicago court had no jurisdiction to enter the judgment; (b) the said promissory notes were obtained by fraud; and (c) they were without consideration and void. Defendant asked relief against the judgment and its enforcement.

The notes were executed and delivered in Illinois to plaintiff, a resident of that state. Therefore the validity of the notes and the stipulation therein contained, in respect to the confession of judgment by attorney, are governed by the laws of Illinois. There is no doubt that, upon a debt bona fide due, the municipal court of Chicago had authority to render a judgment by confession, under the warrant of attorney contained in these notes, without personal service upon defendant. Also, that the waiver of errors precluded defendant from attacking the judgment by writ of error or on appeal. Frear v. Commercial Nat. Bank, 73 Ill. 473; Hall v. Hamilton, 74 Ill. 437. We are also of the opinion that this waiver prevents any advantage being taken of the irregularity, if any there be, in including the two notes in one judgment.

But appellant urges an objection which seems to us fatal to the validity of the judgment. It is well settled by the decisions in Illinois that a judgment entered by confession under a warrant of attorney may be opened on motion of a defendant who offers to defend on the merits, and that an action in equity will lie to enjoin the enforcement of a judgment thus obtained if a meritorious defense exists to the claim upon which the judgment was confessed. "A judgment entered by confession on a note should be vacated if it appears that there was no consideration for the note in question." Hannah v. Biggio, 189 Ill. App. 460, 461. Where it is made to appear that a note, upon which such a judgment has been taken by confession, was made in the belief that some other document was signed, leave to make a defense should be granted. Funk v. Hossack, 115 Ill. App. 340. "Bill to vacate a judgment by confession on a demand judgment note and to enjoin a sale of complainant's property, held to state grounds for equitable relief where it avers that complainant had forgotten about the note, but believes that it never represented an actual indebtedness, and if it did it was long ago paid." Karcher v. Citizens State Bank, 183 Ill. App. 49. The municipal court of Chicago has jurisdiction to open such a judgment more than two months after its entry, and should do so upon a petition showing that the judgment note was given as part of the purchase price of an automobile and that the seller misrepresented the condition of the vehicle. Simco v. Mankowitz, 184 Ill. App. 506. In 1860 a judgment on a promissory note was entered by confession against one

Cooper by one Tyler in Wisconsin. Six years later Tyler brought suit on the judgment in Illinois, and garnisheed debtors of Cooper. There-upon Cooper filed a bill in equity in Illinois to enjoin the action at law and to restrain the enforcement of the judgment on the ground that the contract for the purchase of the lands, for which the note was given, had been rescinded or abandoned. The court entertained the bill holding that since the judgment was procured in a foreign county without notice to Cooper (both parties appeared to have been residents of Wisconsin, but not in the county where the judgment was con-fessed), he was not precluded from resorting to a court of chancery for relief, although the relief thus sought was available in the Wiscon-sin action had Cooper had notice thereof. Cooper v. Tyler, 46 Ill. 462, 94 Am. Dec. 442. From these decisions it appears that, notwith-standing the waiver of errors in the proceeding wherein a judgment by confession is entered, the courts of Illinois are ever ready to open such judgment upon a showing of a meritorious defense. And the chancery courts therein, upon such showing, do unhesitatingly enter-tain a bill to vacate and enjoin the enforcement of a judgment so ob-tained. Therefore, we think the attorney exceeded his warrant in a substantial manner when in the cognovit he agreed that no bill in equity should be filed to interfere in any manner with the operation of the judg-ment. That the warrant has been thus exceeded is disclosed by the record of the judgment in suit, and hence the objection to its validity may now be asserted, and is not a collateral attack upon the judgment.

The authorities are in accord that, in entering judgment by confes-sion under warrants of attorney, the authority given must not be exceeded or deviated from, it must be strictly followed. Weber v. Powers, 213 Ill. 370, 72 N. E. 1070, 68 L.R.A. 610, and the many Illinois cases there cited; First Nat. Bank of Kansas City v. White, 220 Mo. 717, 120 S. W. 36, 132 Am. St. 612, 16 Ann. Cas. 889; In re Claghorn's Estate, 181 Pa. St. 600, 37 Atl. 918, 59 Am. St. 680; Spier v. Corll, 33 Oh. St. 236; Cuykendall v. Doe, 129 Iowa, 453, 105 N. W. 698, 3 L.R.A.(N. S.) 449, 113 Am. St. 472; Kahn v. Lesser, 97 Wis. 217, 72 N. W. 739; Grover & Baker Sewing Mach. Co. v. Radcliffe, 137 U. S. 287, 11 Sup. Ct. 92, 34 L. ed. 670; 15 R. C. L. 657.

By consent of plaintiff the defense of fraud, in the procurement of

the promissory notes, upon which the judgment was confessed, was litigated. The court, however, held the evidence, adduced by defendant upon that issue, insufficient to go to the jury. And in that connection the court ruled that the total want of consideration for the notes testified to by defendant, had no material bearing on the issue of fraud. We are of the opinion that the trial court erred.

The testimony of defendant was in brief this: In 1909 the parties became interested in the Hiawatha Water Company and its financing, and, at defendant's request, plaintiff loaned the company $2,500, receiving from it a note and mortgage. A year later, when this note became due and was not paid, plaintiff requested of defendant a note for $2,500, as additional security. This was given. Nothing further passed between the parties in reference to this matter until in August, 1914, when the last mentioned note got into the hands of an attorney who threatened defendant with suit unless it was paid. Defendant thereupon wrote plaintiff that he was in financial straits, and if the suit was pressed it would go very hard with him. On September 5, plaintiff, in response to defendant's appeal, wrote a letter, inclosing the two notes upon which judgment was confessed, stating: "All I have been able to learn from the lawyers is that they say 'it may be that Mr. Park (defendant) was made a party defendant in the foreclosure proceedings brought by Mr. Andrus.' Now, regarding your notes: The simplest thing to do is to withdraw your liability on these original notes and have you give me new notes in judgment form, which I will make for a year and will extend again at that time if not convenient for you, and at the same time release you entirely from any connection with the Hiawatha muddle. I am making the $273 and $600 the face of the notes, with interest from this date, for one year, and enclose these herewith. Kindly return them at once and I will notify the attorneys to withdraw you from this case." Defendant, instead of mailing the notes, went to plaintiff's office in Chicago and there discussed the situation. He testified that plaintiff then told him the suit on the $2,500 note would be withdrawn if he signed these notes, which he wanted as security for two similar notes he held against the Hiawatha Company. He further testified that he then owed plaintiff nothing outside of the said $2,500 note and that he told plaintiff he was just getting started in

business and had a hard time of it and could not afford to have his credit impaired by the suit. Whereupon plaintiff said: "Well, sign these notes." The notes were thereupon executed and delivered. On September 22, 1914, the $2,500 note was returned to defendant by plaintiff with the statement that there was some error, and that he had never directed suit to be instituted thereon. As a matter of fact, plaintiff had, in 1913, assigned to one Andrus the note and mortgage of the Hiawatha Company, to which defendant's $2,500 note had been given as collateral security. Within a week or two after ascertaining the true situation defendant demanded a return of the notes, but plaintiff refused.

It is true, there was no express statement by plaintiff at the time these notes of September 5, 1914, were executed that the debt for which the $2,500 was collateral was not still held unsatisfied by plaintiff. But he knew from what had been done in the matter, and from the letters which had passed between them, that defendant fully believed and acted on the belief that he was liable to plaintiff on that $2,500 collateral note. It was a representation of plaintiff which defendant had a right to believe as made by plaintiff with actual knowledge of its truth, and which if false would be a fraud upon him. True, this misrepresentation did not relate to the notes in judgment, but it was, upon the record as now presented, the sole inducement and consideration for their execution. If the inducing fact thus held out by plaintiff and relied on by defendant had no existence and there was no other consideration to support the judgment notes, a fraud in law resulted. On the other hand, if the judgment notes were given to settle disputed claims against defendant, or to evidence an indebtedness to plaintiff, or upon any valid consideration, defendant could not hope to escape liability by proof that he was induced to give them through false representations in respect to the $2,500 note upon which suit was threatened. We think the testimony presented made the question of fraud for the jury.

One of the defenses alleged was want of consideration for the notes. The trial court ruled that this defense could not be asserted in that it would be a collateral attack upon the judgment of a sister state protected by the full faith and credit clause of the Federal Constitution. Article 4, § 1, U. S. Const. A judgment of a sister state is not so pro-

tected from an attack upon the jurisdiction of the court to render it. In Grover & Baker Machine Co. v. Radcliffe, supra, the court said (137 U. S. 294): "That the jurisdiction of a foreign court over the person or the subject-matter, embraced in the judgment or decree of such court, is always open to inquiry." Thompson v. Whitman, 18 Wall. 457, 21 L. ed 897; Simmons v. Saul, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. ed. 1054. In the case at bar the municipal court of Chicago acquired jurisdiction over defendant, but how about the subject matter of the suit?

The statutes of Illinois permit a judgment by confession "upon a debt bona fide due." Where there is no debt the authority for confessing judgment and jurisdiction to enter it do not exist. A promissory note without any consideration does not represent or evidence a debt. This judgment is entitled to the same full faith and credit in the courts here as in the courts of Illinois, and no more. Hanley v. Donoghue, 116 U. S. 1, 6 Sup. Ct. 242, 29 L. ed. 535; Christmas v. Russell, 5 Wall. 290, 18 L. ed. 475; First Nat. Bank of Danville v. Cunningham (C. C.) 48 Fed. 510. In National Exch. Bank of Tiffin v. Wiley, 195 U. S. 257, 25 Sup. Ct. 70, 49 L. ed. 184, the court examined the decisions of the state where the judgment was confessed in order to determine the faith and credit it should be accorded in the state where it was sought to be enforced. See also Mills v. Duryee, 7 Cranch, 481, 3 L. ed. 411. We have seen from the cases hereinbefore cited from Illinois, to which may be added Kingham & Co. v. Reinemer, 166 Ill. 208, 46 N. E. 786, that its courts hold that, where the note had been paid or is without consideration, judgment by confession under warrant of attorney is unauthorized and void; and particularly is the case of Cooper v. Tyler, supra, in point as to the right of defendant to apply to a court of equity, when sued upon this judgment in this state, to ask protection against it. A case more in point than any other to which our attention has been directed is Trebilcox v. McAlpine, 62 Hun, 317, 321, 322, 17 N. Y. Supp. 221, 222, 223, where it was held that in an action in New York, on a judgment entered by confession in Pennsylvania, pursuant to the law and practice of that state, fraud may be set up as an equitable defense. In the decision it is said: "If the note was void for want of consideration or for duress, so was the power of attorney contained there-

in. Yet the defendant has never had, nor has her executor had, until this time an opportunity to allege such fraud or want of consideration." And after stating the bearing of the holding in Dobson v. Pearce, 12 N. Y. 157, 62 Am. Dec. 152, the court continues: "Thus it will be seen that the court recognized two principles: First, that in an action on a judgment fraud may now be set up as an equitable defense; second, that the court of one state having jurisdiction of the parties may adjudge that a judgment in another state is void because recovered by fraud. * * * It is argued that the only remedy of the defendant is to take proceedings in Pennsylvania to vacate the judgment. We have only to refer to the case last cited [Dobson v. Pearce]. That shows that when the plaintiff in a judgment fraudulently obtained in one state comes into another to enforce the same, the courts of the latter state may redress the fraud according to the system of practice prevailing there, that is, by an injunction action if law and equity are kept distinct, or by an equitable defense if the two systems are united." It is to be observed that the fraud referred to did not relate to the entry of the judgment, but to the manner by which the note was procured, namely, by threats and without consideration.

The only logical conclusion would seem to be that since the courts of Illinois freely open judgments by confession upon showing a meritorious defense, and entertain bills in equity to vacate such judgments when founded on notes obtained by fraud or wanting consideration, and also upon the same meritorious grounds afford its own citizens relief in equity when sued on a judgment by confession of a sister state (Cooper v. Tyler, supra), a citizen of this state is entitled to the same relief when sued on a like judgment of the Illinois courts.

Plaintiff claims the facts here are identical with those in Miller v. Miller, 90 Wash. 333, 156 Pac. 8, but we think not as to the defenses here attempted. The jurisdiction of the subject matter was not attacked nor was the defense of fraud asserted. Cuykendall v. Doe, 129 Iowa, 453, 105 N. W. 698, 3 L.R.A.(N.S.) 449, 113 Am. St. 472; Ritter v. Hoffman, 35 Kan. 215, 10 Pac. 576, and other cases cited by plaintiff, go to point that a judgment by confession under a warrant and proceedings valid in the state where rendered must be held valid here, although our laws do not authorize the entry of such a judgment upon a

warrant here given. This we do not question. We however believe that the record of the judgment here in suit shows upon its face that the attorney exceeded the authority given, rendering it subject to collateral attack. Also, the learned trial court erred in his view of the bearing of want of consideration upon the issue of the defense of fraud, and in holding that total want of consideration could not be asserted as a defense.

Order reversed.

HALLAM, J.

My opinion is that the Illinois court had jurisdiction. The note gave that. But, in view of the faith and credit accorded to judgments by confession under the law of Illinois, I am of the opinion that the defenses of fraud and want of consideration are permissible.

A reargument was granted on the point mentioned in the fourth paragraph of the following opinion, and thereafter that opinion was filed on April 19, 1918.

HOLT, J.

We are still of the opinion that the authority to confess judgment and waive errors in the proceeding, granted by the warrant of attorney, did not include authority to stipulate in the cognovit that no bill in equity should be filed to interfere with the judgment. The warrant waived only errors that otherwise might jeopardize the judgment on appeal, but the cognovit closed the doors of the courts of equity to all relief. We think the difference substantial, especially when it relates to a judgment by confession in another state. Excess authority assumed in the cognovit may be considered of no great consequence when the defendant appears and moves the court wherein the judgment was confessed to have it vacated for the purpose of making a defense, a motion which almost always prevails in the courts of Illinois if a meritorious defense to the debt appears probable, regardless of the waiver of error in the warrant and cognovit.

Barron v. Kimball, 124 Ill. App. 268, cited by plaintiff, is not helpful. Although the same discrepancy between the warrant and cognovit appeared there as here, the decision does not indicate whether or not it was called to the attention of the court; and it was not necessary, because the appellate court was bound to follow Mayer v. Pick, 192 Ill. 561, 61 N. E. 416, 85 Am. St. 352, and reverse the judgment on the ground that it was entered against one only of the two who had jointly executed the warrant of attorney. It is also to be noted that the application for redress was made by the one against whom the judgment was rendered in the court of its rendition.

Nor is Boyles v. Chytraus, 175 Ill. 370, 51 N. E. 563, also cited by plaintiff, an authority of value here. That was an appeal from a judgment entered by confession. The appellate court affirmed the judgment on points of practice, holding that a bill of exceptions was necessary to bring up the original records, and that a motion to vacate must be made in the court below before a writ of error can be prosecuted to reverse the judgment. Boyles v. Chytraus, 66 Ill. App. 592. The supreme court affirmed the appellate court on the same ground, and, assuming the warrant and cognovit to waive errors, it said that thereby the right to assail the judgment on appeal was foreclosed. The case did not involve a bill in equity.

The reargument was granted upon this proposition only: "Did the unauthorized stipulation in the cognovit, that no bill in equity should be filed to interfere in any manner with the enforcement of the judgment, render the judgment wholly void and incapable of constituting a cause of action, or did it merely have the effect of showing upon the face of the record that any meritorious defense is available to the defendant?" Our courts should not undertake to determine what part of the judgment of a court of another state should be given effect and what part rejected. If such a judgment be regular upon the face of the record, the Federal Constitution requires the courts of this state to give it full faith and credit (Const. U. S. art. 4, § 1), and that means to give effect to all its terms. Since the courts of this state lack power to correct or amend errors or defects appearing in the exemplified record of a judgment rendered in the court of another state

it would seem to follow that when, as here, a judgment by confession, rendered by an Illinois court, discloses upon the face of the record that the cognovit added a substantial stipulation not authorized by the warrant of attorney, such judgment should not avail as a cause of action until the proper amendment or correction has beeen made in the court where rendered.

The cases cited by plaintiff to the proposition that the departure in the cognovit from the authority granted by the warrant may be disregarded, are not persuasive; for they arose upon motions in the court where the judgment was confessed (the proper court to correct irregularities) made by a defendant to vacate the judgment and for leave to interpose an alleged meritorious defense in the action, so that he could thereby be said to have had his day in court relative to the claim upon which the judgment was confessed.

Thus Frye v. Jones, 78 Ill. 627, was an application, made by the defendant in the court where the judgment was entered, to have it set aside on the ground that in 7 of the 13 notes included in the judgment the warrant of attorney was in blank. The court reduced the judgment by the amount of the 7 notes, and permitted it to stand as to the balance to which there was no defense offered.

Adam v. Arnold, 86 Ill. 185, was a motion by a creditor of the one against whom a judgment by confession had been obtained to have it set aside because a few dollars too large. The motion was denied on the ground that a stranger had no right to make it.

Campbell v. Goddard, 117 Ill. 251, 7 N. E. 640, is against plaintiff. The motion there was to set aside or modify the judgment entered because it included attorneys' fees, the amount of which had not been ascertained by the court, the judgment being confessed in vacation. The motion was denied by the court below, but on appeal the judgment was reversed.

Nor do we think Hansen v. Schlesinger, 125 Ill. 230, 17 N. E. 718, helps plaintiff. The motion to set aside the judgment was there made in the court where it was confessed. In affirming the order denying the motion, the court observed (p. 237) that, if the attorney waived more than authorized in respect to the right of appeal, the parties had now had

their day in court and had shown no equitable ground for setting the judgment aside.

Cases more analogous upon the proposition before us are those from Illinois involving collateral attacks upon their judgments by confession.

Chase v. Dana, 44 Ill. 262, was an ejectment suit where the title derived through an execution sale upon such a judgment failed, the judgment being held void because in the warrant of attorney the note was described as dated April 24, 1846, when its true date was April 24, 1856.

Tucker v. Gill, 61 Ill. 236, was a replevin action to take from the sheriff a lot of hogs purchased of one Wood. The sheriff justified under an execution on a judgment by confession obtained against Wood. The judgment roll disclosed that the judgment was upon a note for $26,000 with warrant of attorney to confess judgment, to waive error, and to stipulate that no bill in equity should be filed. The declaration contained an ad damnum clause in the sum of $50,000, the cognovit confessed a judgment for $50,000, otherwise the declaration and cognovit conformed to the note and warrant. The judgment was entered for the amount due upon the note only. The court says [p. 240]: "When attacked collaterally, should this judgment be held valid? The cognovit is in plain excess of the authority given by the warrant of attorney. It is not only the rule applicable to this case that, in entering up judgment on a warrant of attorney the authority given by it must be strictly pursued, but it is a rule applicable to all cases of special agency, that an agent constituted for a particular purpose, and under a limited power, cannot bind his principal if he exceeds that power. The special authority must be strictly pursued. 2 Kent's Com. 621." The judgment was held void, and the execution thereon gave the sheriff no right to the possession of the hogs. The judgment had been entered in vacation and the court remarked [p. 241]: "It is unnecessary, perhaps, to observe that, if judgment had been entered in court at a term, very different consequences would attach."

In the case at bar it was entered in term. It can be readily seen that when entered under the direction of the court irregularities and even errors may be assumed to have been corrected, or necessary proof to have been adduced. Thus where there is a question of reasonable

attorneys' fees, if entered in term, it will be presumed that the court passed upon the amount of such fees if any were included, whereas if entered in vacation no presumption in respect thereto can be indulged, because the clerk lacks power to pass upon the matter. Also in the case last cited, had the judgment been confessed in term the presumption might have obtained that the court disregarded or corrected the discrepancies in the declaration and cognovit and allowed the judgment in the amount authorized by the power or warrant. But we conceive the court to be as powerless as the clerk to add to the authority granted by the warrant of attorney. For instance, had the judgment in Tucker v. Gill been entered in term time for $50,000 as confessed in the cognovit, should it then have been held a judgment entitled to full faith and credit if sued on in this state either in that sum or any other sum? Or would it have supported an execution sale in Illinois? It seems to us not.

In Hutson v. Wood, 263 Ill. 376, 105 N. E. 343, Ann. Cas. 1915C, 587, a judgment by confession entered in vacation was held void, and ineffectual to pass title by an execution sale thereunder, where the record disclosed that a trifling amount of costs was erroneously included, the court saying: "Judgment by confession entered in vacation must be for the precise amount, neither more nor less, confessed by the plea of *cognovit actionem,* otherwise it is void."

In a judgment by confession upon a warrant of attorney the position of the defendant, or judgment debtor, is akin to that of a defendant in a default case, and much of the reasoning in Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L.R.A.(N.S.) 803, 118 Am. St. 612, 11 Ann. Cas. 348, is applicable here, and points to the conclusion that there was such unauthorized assumption of power in the cognovit that the judgment should not be recognized as valid until purged of the defect now appearing in the record. We adhere to the proposition stated in the first division of the syllabus in the original opinion.